**GROSSMAN et al. v. YOUNG et al.**

District Court, S. D. New York.
March 4, 1947.

Silver & Saperstein, of New York City (David Saperstein and Isaac M. Barnett, both of New York City, of counsel), for plaintiff.

Sullivan & Cromwell, of New York City, and Cook, Smith, Jacobs & Beake, of Detroit, Mich., (Inzer B. Wyatt, of New York City, and Bethel B. Kelly, of Detroit, Mich., of counsel), for defendant Leonard A. Young.

Roger S. Foster, Sol., Robert S. Rubin, Asst. Sol., and Myer Feldman, Atty., all of Philadelphia, Pa., for Securities & Exchange Commission.

BRIGHT, District Judge.

The question to be answered is whether or not the venue of this action is properly laid in the Southern District of New York. Because he claims it is not, the defendant Young moves to vacate the service of process upon him and to dismiss. He was served with the summons and complaint at his residence in Detroit, Michigan.

The action is brought under section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b), for an accounting by the moving defendant and the recovery of profits realized by him from purchases and sales, and sales and purchases, within any period of less than six months, of stock of the defendant corporation, of which he was an officer and director, and for whose benefit the action is brought.

Jurisdiction of offenses and suits is conferred by § 27 of the Act, 15 U.S.C.A. § 78aa, which, so far as material, reads: "Sec. 27. The district courts of the United States, the Supreme Court of the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this title or rules and regulations thereunder, or to enjoin any violation or such title or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. * * *"

The stock in question was listed on the New York Stock Exchange in the Southern District of New York and the sales and purchases, it is pleaded, were consummated there. The moving defendant contends that a suit or action such as this can be brought in the district where a criminal proceeding may be maintained, only if the challenged act or transaction is a criminal "violation", and that the sales and purchases here pleaded were not made criminal by any section of the Act; that they were therefore, not "violations". He contends the venue must be laid "in the district wherein the defendant is found or is an inhabitant or transacts business"; and that could only be in the Detroit district.

I do not believe that it was the intention of Congress to limit the meaning of the word "violation" to a criminal case. Section 27 itself seems to declare otherwise. It gives exclusive jurisdiction to the named courts "of violations of this title or the rules and regulations thereunder" and of all suits and actions brought to enforce any liability created. Obviously, I think "violations" might be the subject of either criminal or civil litigation and one would not preclude the other. The criminal proceeding would be brought in the district wherein "any act or transaction" occurred. These words certainly do not confine the venue of such a proceeding to any one district, particularly where the use of the mails or other instrumentalities of interstate commerce and of all registered exchanges in various parts of the country, is concerned. If venue is not so confined, can it be said that civil suits are? Here the transactions involved took place, so defendant contends, in Detroit and Canada, and the complaint alleges the securities were sold on the New York Stock Exchange. It might be that the sales and purchases could have been accomplished by private sale and delivery, in which event there might be some force in the defendant's position, but it is obvious that such conduct would not have produced the results which it did from transactions on the New York Stock Exchange.

The very liability created by § 16(b) was "For the purpose of preventing the unfair use" of inside information. Indulgence in the prohibited practices was clearly a "violation" of the Act. The leg-

972

islature intended to prohibit such use, at least by making it unprofitable, "and thus to establish a standard so high as to prevent any conflict between the selfish interest of a fiduciary officer, director, or stockholder and the faithful performance of his duty". Smolowe v. Delendo Corp., 2 Cir., 136 F.2d 231, 239, 148 A.L.R. 300, certiorari denied 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446.

Further, civil action may be maintained to enforce a liability or duty "or to enjoin any violation". Obviously remedy by injunction would not be confined to a criminal violation of the Act.

The venue portion of § 27, wherein reference is made to "such districts", would seem more to refer to the district than the nature of the violation. The defendant's reasoning would confine the bringing of an action to enjoin a violation or to recover a liability to the district wherein any act or transaction occurred, and then only if the violation was a criminal one.

The remaining contention is that the sales and purchases did not take place in the Southern District of New York; that they were accomplished either in Detroit or Canada. It is not disputed that the transactions were executed in the New York Stock Exchange in the Southern District of New York. The transactions would not be actionable except as they occurred in stock listed and sold on a registered exchange. The Act applies to sales and purchases, in which the mails or other instrumentalities of interstate commerce and national exchanges are used to consummate the transaction. Congress clearly intended that transactions of the nature here complained of, which resulted in profit, were to be actionable regardless of where the order to sell or buy was given, if such order was to be executed upon a national exchange. It would be immaterial where the profits were realized or where they were to be payable under such circumstances. It is the use of inside information in trading on the national exchange and the use of interstate instrumentalities which create the liability. The underlying reasons for this are fully set out in § 2 of the Act, 15 U.S.C.A. § 78b — to protect interstate commerce, the national credit, the federal taxing power, the national banking system, to insure the maintenance of fair and honest markets, to stabilize prices, and to prevent excessive speculation and national emergencies.

Section 27 gives jurisdiction in the district "wherein any act or transaction" occurred. It would seem that if the defendant's contention in this regard is concerned, he might violate § 16(b) with impunity, provided his orders were given in Canada and settlement of the transactions occurred there, notwithstanding, it would be necessary to make use of national exchanges in this country to consummate the deals.

For these reasons, and others which might well be obvious, I conclude that the word "violation", as used in § 27, was not confined to criminal acts or transactions; and the motion will be denied. Settle order on notice.