### OSBORNE et al. v. MALLORY et al.

United States District Court
S. D. New York.
July 13, 1949.

Schenker & Schenker, New York City, (David Schenker, New York City, of counsel), for plaintiffs.

Gordon, Brady, Caffrey & Keller, New York City, (Herman Keller and Roger W. Mullin, Jr., New York City, of counsel), for defendant Paul W. Havener.

LEIBELL, District Judge.

In this action eleven plaintiffs who purchased common stock of Bost, Incorporated in late February and early March of 1946, have joined as parties plaintiff, under Rule 20(a) Federal Rules Civil Procedure, 28 U.S.C.A., in asserting claims against the defendants or some of them, who are alleged to have sold the stock under conditions which violated certain sections of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq. Jurisdiction of this Court is based upon specific provisions of those statutes. Section 22(a) of Securities Act of 1933, T. 15 U.S.C.A. § 77v(a), and § 27 of the Securities Exchange Act of 1934, T. 15 U.S.C.A. § 78aa[1]. The com-

---

1. "§ 77v.

"§ 77v.

"(a) The district courts of the United States, the United States courts of any Territory, and the district court of the United States for the District of Columbia shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 225 and 347 of Title 28. No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. No costs shall be assessed for

plaint was filed in this Court on February 25, 1949. Ten of the plaintiffs, who still have their stock, seek to recover the purchase price of the stock. The eleventh seeks to recover the loss sustained on a sale of the stock. Some of the defendants have filed answers thereto and have asserted cross claims against another defendant. Other defendants have impleaded a third party defendant.

One of the defendants, Paul W. Havener, has made a motion now before the Court "for an order:

"1. Dismissing the complaint in this action upon the ground that the complaint fails to state a claim upon which relief can be granted, in that it does not affirmatively appear on the face of the complaint when the alleged fraudulent acts were discovered and that the actions were commenced within the time limitations prescribed by the statutes which created these rights of action.

"2. Dismissing each of the causes of action of the complaint designated 'Third Cause of Action' upon the ground that they fail to state a claim upon which relief can be granted, in that no civil liability can be based upon the facts alleged therein.

"3. Requiring the plaintiffs to state in separate counts the claims alleged in each of the causes of action designated 'First Cause of Action', for the reason that Section 12 of the Securities Act of 1933 creates separate and distinct causes of action for which separate and distinct limitations of time are prescribed, and defendants cannot reasonably be required to frame a responsive pleading unless such claims are stated in separate counts.
and for such other, further and different relief as may be just and proper in the premises."

The first cause of action of each plaintiff is based upon §§ 5(a) and 12(1) [2] of

or against the Commission in any proceeding under this subchapter brought by or against it in the Supreme Court or such other courts."
"§ 78aa.
"The district courts of the United States, the district court of the United States for the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 225 and 347 of Title 28. No costs shall be assessed

for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts. June 6, 1934, c. 404, § 27, 48 Stat. 902; June 25, 1936, c. 804, 49 Stat. 1921."

2. "77e. (a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—
"(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell or offer to buy such security through the use or medium of any prospectus or otherwise; or
"(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale."
"77l. Any person who—
"(1) sells a security in violation of section 77e, or
"(2) sells a security (whether or not exempted by the provisions of section 77c, other than paragraph (2) of subsection (a) thereof), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material

the Securities Act of 1933, T. 15 U.S.C.A. §§ 77e(a) and 77l(1), for which the statute of limitations is fixed in § 13 [3] of the Act T. 15 U.S.C.A. § 77m.

No action may be maintained to enforce the liability created by § 12(1) of the Act for a violation of § 5(a), unless brought within one year after the violation upon which it is based, and in no event more than three years after the security was bona fide offered to the public. Each *first cause of action* of the plaintiffs contains allegations that no registration statement under the Securities Act of 1933 was ever in effect with the Securities and Exchange Commission with respect to the securities of Bost, Incorporated and that the securities were not exempt from the registration requirements of the Act. There is also an allegation in the first cause of action that defendants falsely and fraudulently and with intent to deceive the plaintiffs omitted to state and concealed the fact that no registration under the Act was in effect. The latter statement adds nothing to the charged violation of § 5(a) and is not an essential element of its violation.

The dates on which the various plaintiffs made their purchases of stock as alleged in the complaint were as follows:

| | | | |
|---|---|---|---|
| Alex Osborne | — 500 shares | Feb. | 27/46 |
| Sam I. Gewirtz | — 500 shares | Feb. | 27/46 |
| Nicholas Clemente | — 500 shares | Feb. | 26/46 |
| Anita Philipson | — 500 shares | Feb. | 26/46 |
| Fannie Jacobs | — 300 shares | Feb. | 27/46 |
| Gilbert Jacobs | — 300 shares | Feb. | 26/46 |
| Ann Kahn | — 200 shares | Feb. | 26/46 |
| Celia Seifter | — 100 shares | Feb. | 26/46 |
| Elaine Seifter | — 100 shares | Feb. | 28/46 |
| Hertha Osborne | — 300 shares | Feb. | 28/46 |
| Sophie Cohen | — 300 shares | March 4/46 | |

The complaint herein was filed with the Clerk of the Court February 25, 1949 and that is the date the action was commenced. Rule, 3 Federal Rules Civil Procedure.

There is no allegation in the first cause of action to show when these Bost, Incorporated securities were first offered to the public so it is not apparent from the face of the complaint that they were offered to the public more than three years before the complaint was filed. If the securities in question were bona fide offered to the public for the first time on February 26, 1946 then the first cause of action would meet one of the conditions set forth in § 13 of the Securities Act of 1933, 15 U.S.C.A. § 77m. It is not likely that February 26, 1946, was the date.

But there is another condition attached to the right to bring the action based on §§ 5(a) and 12(1) of the Act (the first cause of action). Under § 13 of the Act it may not be maintained "unless brought within one year after the violation upon which it is based". In the case at bar the violation took place when interstate facilities were used by the defendants in connection with the sales made to the various

---

fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security. May 27, 1933, c. 38, Title 1, § 12, 48 Stat. 84."

3. "77m.
"No action shall be maintained to enforce any liability created under section 77k or section 77l(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(1), unless brought within one year after the violation, upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or section 77l(1) more than three years after the security was bona fide offered to the public, or under section 77l(2) more than three years after the sale. May 27, 1933, c. 38, Title I, § 13, 48 Stat. 84; June 6, 1934, c. 404, § 207, 48 Stat. 908."

plaintiffs, all of which were consummated about three years before this action was commenced. It follows that the first causes of action pleaded by the various plaintiffs should be dismissed because it affirmatively appears from the complaint that it was not begun, as required by § 13 of the Securities Act of 1933, within one year after the violation of § 5(a) of the Act. Adams v. Albany, D.C., 80 F.Supp. 876; M. J. Hall & Co. v. Johnson, Sup., 92 N.Y.S.2d 202. This disposes of item (1) of defendant Havener's notice of motion, in so far as it concerns the first cause of action.

■ In view of this ruling that the first cause of action should be dismissed, it is unnecessary to rule on item (3) of defendant Havener's notice of motion. At this point it is proper to rule also that if the pleader intended the first causes of action to set forth a claim of fraudulent concealment in connection with the failure of defendants to file a registration statement in relation to the Bost, Incorporated stock, then in serving an amended complaint in respect to the Second Cause of Action he may add an appropriate subdivision to paragraph 88 of the complaint to include this alleged fraudulent concealment.

■ The *second cause of action* of each plaintiff charges a violation of § 12(2) of the Securities Act of 1933, T. 15 U.S.C.A. § 77*l*(2), in that defendants are alleged to have sold the securities to the plaintiffs by means of a prospectus and oral communications which included untrue statements of a material fact and the omission to state material facts necessary in order to make the statement not misleading, the plaintiff not knowing of the untruth or omission. The alleged untrue statements, and false and fraudulent misrepresentation of material facts, and the concealment of material facts, are set forth in subparagraphs (a) to (h) inclusive of paragraph 88 of the complaint.[4]

4. "88th. That the aforesaid untrue statements and false and fraudulent misrepresentations of material facts and the aforesaid concealments and omissions of said material facts were made by the defendants to the plaintiff as aforesaid, all of which untruths and omissions and misrepresentations were known to the defendants, and consisted of the following:

"(a) That the defendants stated and represented and warranted to the plaintiff that the directors of Bost, Incorporated were and would continue to be one, Frank D. Shield, president of the Barbasol Company, a nationally known company, E. M. McNallay, sales manager of the Barbasol Company, L. Wasey, chairman of the Board of the Barbasol Company and a partner of Erwin, Wasey & Co., one of the large and best known advertising agencies in the country, when the facts were and the defendants well knew or should have known that all such persons had either resigned as directors, had already tendered their resignations or intended to resign, and that the said persons would not be associated with said Bost, Incorporated;

"(b) That the defendants represented, warranted and stated to the plaintiff that the advertising and sales policies of Bost, Incorporated were and would continue to be guided by Erwin, Wasey & Co. when the facts were and the defendants well knew or should have known that the said Erwin, Wasey & Co. was not guiding, had never guided and would not guide and in fact refused to guide the advertising and sales policies of said Bost, Incorporated;

"(c) That the defendants represented, warranted and stated to the plaintiff that Bost, Incorporated had been and was in excellent financial condition and would, on the basis of orders and production, continue to be in excellent financial condition when, in truth and in fact, the defendants knew or should have known that Bost, Incorporated, for a long period of time, had been in poor financial condition;

"(d) That the defendants represented, warranted and stated to the plaintiff that the net earnings of Bost, Incorporated for the first ten months of 1945 had aggregated approximately $71,000, and that such earnings were at the rate of 48¢ per share annually when the facts were, and the defendants well knew or should have known and the defendants failed and omitted to disclose to the plaintiff that these earnings for the first ten months of 1945 had been abnormally high and were inflationary because of a nonrecurrent situation which existed by reason of the association of Bost, Incorporated with the Barbasol Company,

The statute of limitations controlling the second cause of action is contained in § 13 of the Act, 15 U.S.C.A. § 77m, which provides that no action shall be maintained to enforce any liability under § 12(2) of the Act unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, and that in no event shall any action be brought under § 12(2) of the Act more than three years after the sale.

whereby, during the latter part of that period, Bost, Incorporated was able to obtain a supply of collapsible tubes from the Barbasol Company which constituted a temporary advantage over competitors unable to obtain such tubes, and that the defendants knew that advantage over competitors of tubes of Bost, Incorporated by virtue of this supply would substantially diminish and in fact would be eventually eliminated; that in truth and in fact, as the defendants well knew or should have known, the defendants failed and omitted to disclose to the plaintiff that after the cessation of the war an inflationary demand for the toothpaste tubes was created by reason of the fact that, during the war and immediately thereafter, metal toothpaste tubes were not available, Bost, Incorporated, oversold its distributors and dealers and had commenced to receive and did receive substantial returns from said distributors and dealers, and in truth and in fact that the said earnings of 48¢ per share the first ten months of the year 1945 were due almost wholly and solely to the sales during the months of September and October of that year, and that there were virtually no sales during the first months of that year, and the earnings before that ten months' period were substantially less than said 48¢ per share;

"(e) That the defendants represented, warranted and stated to the plaintiff that the earnings of the company on the basis of production and orders received and to be received would not only continue at the same rate of business and earnings but that the earnings would be increased and that Bost, Incorporated would soon resume the payment of dividends upon the stock when, in truth and in fact, the defendants knew or should have known and failed and omitted to disclose to and concealed from the plaintiff the fact that the sales declined markedly in the month of November 1945, and even more markedly in the month of December 1945, and that earnings for the company declined most substantially in the month of November 1945 and that the company was operating at a loss for the month of December 1945 and continued to operate at a loss thereafter; that the defendants knew or should have known and failed to disclose to the plaintiff that Bost, Incorporated had a very substantial capital surplus deficit which would first have to be eliminated by earnings before any dividends could be paid upon the aforesaid stock, and that even if the earnings of the company continued as represented, which the defendants well knew the company could not and did not earn, a most substantial period of time would have to elapse before any dividends could be paid;

"(f) That the defendants represented, warranted and stated to the plaintiff that Bost, Incorporated had a most substantial cash position which cash would be used in advertising and publicity to advance further the interests of the company and increase the company's earnings when, in truth and in fact, the defendants knew or should have known that Bost, Incorporated had no such intentions but used the funds to purchase inferior and defaulted bonds of railroad companies upon which purchases Bost, Incorporated ultimately lost substantial sums of money;

"(g) That the defendants represented, warranted and stated to the plaintiff that the said Bost, Incorporated common stock was a sound investment which the plaintiff should retain for a substantial period of time and repeatedly and recurrently assured the plaintiff to retain such stock as a sound investment when, in truth and in fact, the defendants knew or should have known that the said investment was not sound;

"(h) That the defendants omitted to state and disclose to, and concealed from, the plaintiff which facts the defendants well knew or should have known, that the said defendants were distributing as dealers and underwriters a controlling block of stock for a controlling person of Bost, Incorporated which said stock was not registered in accordance with the provisions of the Securities Act of 1933 and were aiding and assisting said controlling person, an insider of said Bost, Incorporated, in bailing out from his substantial position in said Bost, Incorporated stock and unloading the same upon the plaintiff."

The second causes of action, based on fraudulent acts, misrepresentations and concealments of the defendants in connection with the sales of the stock to the plaintiffs [§ 12(2) of the Act], satisfies one of the conditions of § 13 in that it appears therefrom that the sales were made less than three years before this action was commenced. But under § 13 of the Act there is another condition attached to the right to maintain an action based on § 12 (2) of the Act; it must be brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence. There is no allegation of the complaint to show when the plaintiffs discovered the fraud, nor any exculpatory allegations explaining their failure to discover the fraud sooner than they did.

As to the second causes of action the defendants are entitled to a more definite statement setting forth the dates when the fraud was discovered and why it could not have been discovered sooner by the exercise of reasonable diligence. It will not be necessary to retype this voluminous complaint. The further requisite allegations to comply with this direction may be separately added at an appropriate place, as an amendment to the complaint.

Item (2) of the notice of motion asks that the *third cause of action* of each plaintiff be dismissed upon the ground that it fails to state a claim upon which relief can be granted [Rule 12(b), F.R.C.P.], "in that no civil liability can be based upon the facts alleged therein".

The third cause of action charges that the defendants violated § 17 of the Securities Act of 1933, T. 15 U.S.C.A. § 77q[5] and §§ 10(b) and 15(c) of the Securities Exchange Act of 1934, T. 15 U.S.C.A. §§ 78j(b)[6] and 78o(c)[7] and Rules X-10B-5[8]

---

5. "§ 77q.
"(a) It shall be unlawful for any person in the sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—
"(1) to employ any device, scheme, or artifice to defraud, or
"(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
"(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.
"(b) It shall be unlawful for any person, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.
"(c) The exemptions provided in section 77c shall not apply to the provisions of this section. May 27, 1933, c. 38, Title I, § 17, 48 Stat. 84."

6. "§ 78j. It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange— * * *
"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors. June 6, 1934, c. 404, § 10, 48 Stat. 891."

7. "78o. (c) (1) No broker or dealer shall make use of the mails or of any means or instrumentality of interstate commerce to effect any transaction in, or to induce the purchase or sale of, any security (other than commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange, by means of any manipulative, deceptive, or other fraudulent

and X-15C1-2 [9] of the Rules and Regulations issued by the Securities and Exchange Commission under the 1934 Act. The third cause of action incorporates, by reference, the charges of fraud set forth in the second cause of action, and also alleges:

"133rd. That in violation of the said provisions of the Securities Act of 1933, section 17 and following, as amended, and the Securities and Exchange Act of 1934, sections 10-b and following, and sections 15-c and following, and Rule X-10B-5 and Rule X-15C1-2, the defendants by the use of means and instruments of transporation and communication in interstate commerce, and by the use of the mails employed manipulative, deceptive and fraudulent devices, schemes and artifices to defraud and obtain money and property from the plaintiff by means of untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading which statements or omissions said defendants made with the knowledge or reasonable grounds to believe that they were untrue or misleading, and en-

device or contrivance. The Commission shall, for the purposes of this subsection, by rules and regulations define such devices or contrivances as are manipulative, deceptive, or otherwise fraudulent.

"(2) No broker or dealer shall make use of the mails or of any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange, in connection with which such broker or dealer engages in any fraudulent, deceptive, or manipulative act or practice, or makes any fictitious quotation. The Commission shall, for the purposes of this paragraph, by rules and regulations define, and prescribe means reasonably designed to prevent, such acts and practices as are fraudulent, deceptive, or manipulative and such quotations as are fictitious.

"(3) No broker or dealer shall make use of the mails or of any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors to provide safeguards with respect to the financial responsibility of brokers and dealers."

8. "Rule X-10B-5. Employment of Manipulative and Deceptive Devices.

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(1) to employ any device, scheme, or artifice to defraud,

"(2) to make any untrue statement of a material fact or to omit to state a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

9. "Rule X-15C1-2. Fraud and Misrepresentation.

"(a) The term 'manipulative, deceptive, or other fraudulent device or contrivance,' as used in section 15(c) (1) of the Act, is hereby defined to include any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

"(b) The term manipulative, deceptive, or other fraudulent device or contrivance,' as used in section 15(c) (1) of the Act, is hereby defined to include any untrue statement of a material fact and any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, which statement or omission is made with knowledge or reasonable grounds to believe that it is untrue or misleading.

"(c) The scope of this rule shall not be limited by any specific definitions of the term 'manipulative, deceptive, or other fraudulent device or contrivance' contained in other rules adopted pursuant to section 15(c) (1) of the Act."

gaged in transactions, practices and course of business which operated as a fraud and deceit on plaintiff as purchaser of Bost, Incorporated common capital stock from defendants."

"134th. That the aforesaid manipulative, deceptive and fraudulent devices, schemes and artifices employed by defendants, and the aforesaid untrue statements of material facts and the ommissions to state material facts and the aforesaid transactions, practices and course of business which operated as a fraud on plaintiff consisted of the acts, statements, omissions and concealments set forth in paragraph '88th' of this complaint which said allegations are repeated, reiterated and re-alleged in this paragraph with the same force and effect as if at full length set forth herein; that the value and reasonable market value of said Bost, Incorporated common capital stock at the time of the sale to plaintiff and at all the times mentioned in this complaint were nil; and that said stock was at all the times mentioned in the complaint worthless and had no reasonable market value whatsoever."

▇▇▇ Defendants' contention in respect to § 17 of the 1933 Act and §§ 10(b) and 15(c) of the 1934 Act is that there is no specific section of either Act creating a liability or providing a right of action for a violation of said sections, such as we have in respect to other violations specified in those Acts. I do not believe that any such additional section is necessary in relation to § 17 of the 1933 Act or § 10(b) of the 1934 Act.

The practices described in § 17 of the 1933 Act and § 10(b) of the 1934 Act are declared "unlawful". The practices specified in § 15(c) of the 1934 Act and in the Rules and Regulations issued thereunder, are prohibited as the word "shall" indicates. Actions for the violations of § 15(c) of the Securities and Exchange Act of 1934 are specifically provided for in § 29(b) of that Act. T. 15 U.S.C.A. § 78cc(b).[10] Kardon v. National Gypsum Co. D. C., 69 F. Supp. 512.

The language of § 17 of the 1933 Act and of §§ 10(b) and 15(c) of the 1934 Act describes many acts that would constitute common law frauds; but the statute is more limited than that. For jurisdiction of a Federal court over actions based on said sections the additional features of interstate transportation or communications or the use of the mails are required.

Section 22(a) of the Securities Act of 1933, T. 15 U.S.C.A. § 77v, gives the Federal district courts jurisdiction over suits in equity and actions at law brought to enforce any liability or duty "created by this

10. "§ 78cc.

"(b) Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract, and (2) as regards the rights of any person who, not being a party to such contract, shall have acquired any right thereunder with actual knowledge of the facts by reason of which the making or performance of such contract was in vi-olation of any such provision, rule, or regulation: Provided, (A) That no contract shall be void by reason of this subsection because of any violation of any rule or regulation prescribed pursuant to paragraph (2) or (3) of subsection (c) of section 78o of this chapter, and (B) that no contract shall be deemed to be void by reason of this subsection in any action maintained in reliance upon this subsection, by any person to or for whom any broker or dealer sells, or from or for whom any broker or dealer purchases, a security in violation of any rule or regulation prescribed pursuant to paragraph (1) of subsection (c) of section 78o of this chapter, unless such action is brought within one year after the discovery that such sale or purchase involves such violation and within three years after such violation." Sec. 78o(c) referred to, is § 15(c) of the 1934 Act.

subchapter", i. e. the subchapter relating to "domestic securities", which includes § 17.

■ Section 27 of the Securities Exchange Act of 1934, T. 15 U.S.C.A. § 78aa, gives a Federal district court jurisdiction over "violations of this chapter", i. e. under the 1934 Act, and over violations of the Rules and Regulations issued by the Securities and Exchange Commission pursuant to the provisions of said Act. The word "violation" is not limited to a criminal case; it includes also civil litigation. Grossman v. Young, D.C., 70 F.Supp. 970.

■ Even though there is no specific section of the 1933 Act creating liability under § 17 other than the language of § 17 itself, or in the 1934 Act in relation to § 10(b) of that Act other than the language of § 10(b) itself, nevertheless it has been held that a civil liability is implied and a remedy is available under the Acts for violations of their provisions, and that an action may be brought in the appropriate courts to enforce that liability. In suits for damages for violations of subchapter I of the Securities Act of 1933, the Federal and State courts have concurrent jurisdiction under § 22; but where damages are claimed for a violation of the Securities and Exchange Act of 1934 the Federal courts have exclusive jurisdiction under § 27.

That a violation of § 10(b) of the Securities Exchange Act of 1934 implicitly creates a civil liability for which a remedy is available in the Federal courts, has been held in the following cases: Kardon v. National Gypsum Co., D.C., 69 F.Supp. 512 and Id., D.C., 73 F.Supp. 798; Acker v. Schulte, D.C., 74 F.Supp. 683; Slavin et al. v. Germantown Fire Ins. Co., 3 Cir., 1949, 174 F.2d 799. See also Matter of Barrett & Co., 9 S.E.C. 319. In the Slavin case the majority opinion stated that "Logic and such authority as is available, seem to favor such action despite the absence of enabling legislation". Cases and Law Review Articles are cited by Judge Kalodner to support that statement. Although Judge Biggs dissented as to the result, he agreed with the majority on that proposition and he cited authorities, including, Restatement, Torts,

§ 286. He stated that "the remedy supplied by Section 29(b), like the other remedies supplied by the Act, is federal in origin, and, in view of the foregoing authorities, must be construed broadly so that it may be availed of by an injured private person." [174 F.2d 815] The reasoning of the Slavin case would apply also to the right of an investor to sue for a violation of § 17 of the 1933 Act.

■ Concurrent remedies under several sections of both Acts may be available to the investor injured by the seller's fraudulent practices. Speed v. Transamerica Corp., D.C., 71 F.Supp. 457.

The applicable statute of limitations to actions under § 17 of the 1933 Act and § 10(b) of the 1934 Act would be that of the forum, since the two Federal Acts do not provide any period within which suits must be brought under those sections. Seaboard Terminal Corp. v. Standard Oil Co., D.C., 24 F.Supp. 1018; Dipson Theatres v. Buffalo Theatres, D.C., 8 F.R.D. 86; Cope v. Anderson, 331 U.S. 461, at page 464, 67 S.Ct. 1340, 91 L.Ed. 1602. The applicable statute of limitations of the State of New York is found in the New York Civil Practice Act, § 48(2) and (5), a six year statute.

To sum up the foregoing rulings:

(a) The First Cause of Action of each plaintiff is dismissed, with leave however to add to the Second Cause of Action a subparagraph to paragraph 88 of the complaint, charging as fraudulent conduct on the part of the defendants an allegation that the defendants fraudulently concealed from the plaintiffs that no registration statement had been filed as required by § 5(a) of the Securities Act of 1933, in relation to the common stock of Bost, Incorporated.

(b) The Second Cause of Action of each plaintiff shall be amended by adding thereto allegations showing when said plaintiff discovered the fraud in connection with the sale to him of the stock of Bost Incorporated, and why the fraud could not have been discovered sooner by the exercise of reasonable diligence.

(c) In all other respects the motion of the defendant Havener is denied.

Settle an order accordingly.