**Paul GALLIK and Kate Gallik, Plaintiffs,**

v.

**Albert W. FRANKLIN, Jr., Joseph H. Meyer, Harold Barnett, Bernard Zoref, d/b/a Franklin, Meyer and Barnett, Defendants.**

United States District Court
S. D. New York.
Oct. 1, 1956.

---

Jack Chadrjian, New York City, for plaintiffs.

M. Mac Schwebel, New York City, for Albert W. Franklin, Jr., Joseph H. Meyer and Bernard Zoref.

Louis Kipnis, New York City, for Harold Barnett.

SUGARMAN, District Judge.

The defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. The action is to recover damages allegedly sustained by the plaintiffs through dealing in securities sold by the defendants in violation of the "Securities Act of 1933"[1].

The complaint discloses that the purchase of the securities was completed by May 4, 1955; although all arrangements therefor, including the sale by plaintiffs through defendants of other securities and a small cash payment by plaintiffs to defendants, were completed before April 22, 1955, the date when the registration statement became effective. The complaint was filed on May 17, 1956. Ac-

cordingly, any liability of the defendants for a pre-registration sale of the securities[2] is barred by the statute of limitations[3]. The complaint therefore must be dismissed.

It is so ordered.

---

1. 15 U.S.C.A. §§ 77a–77aa.

2. 15 U.S.C.A. § 77l (1).

3. 15 U.S.C.A. § 77m; Osborne v. Mallory, D.C.S.D.N.Y., 86 F.Supp. 869. Plaintiffs confuse the statute of limitations,

governing a violation of 15 U.S.C.A. § 77k or § 77l(2) which commences running upon the discovery of an untrue statement or omission with that governing a pre-registration sale under 15 U.S.C.A. § 77l (1) which commences running upon the sale.