Lee SCHEINBART, Plaintiff,

v.

Mary BERMAN, D. E. Liederman and D. E. Liederman & Co., Inc., Defendants.

United States District Court S. D. New York.

Nov. 29, 1962.

- ⸺◆⸺

Greenbaum, Wolff & Ernst, New York City (by Frederic S. Nathan, New York City), for plaintiff.

**390**

Samuel Schacter, New York City, for defendants.

**MacMAHON, District Judge.**

Defendants D. E. Liederman and D. E. Liederman & Co., Inc. move under Rule 12(e), Federal Rules of Civil Procedure, for an order requiring plaintiff to separately state and number each claim alleged in the complaint for alleged violations of Sections 5 and 12(2) of the Securities Act of 1933, as amended, and also for an order requiring plaintiff to make paragraphs "TENTH", "TWEN-TIETH", "THIRTIETH" and "THIRTY-NINTH" of the complaint more definite and certain. The first branch of the motion was withdrawn by defendants' counsel upon oral argument on the basis of an affidavit by plaintiff's attorney to the effect that the complaint does not purport to set forth any claim for relief under Section 5(b)(2) of the Securities Act of 1933 (15 U.S.C. § 77e(b)(2)).

The complaint sets forth four identical claims, each relating to a different transaction in corporate securities. In each, plaintiff asserts that the defendants are jointly and severally liable to him under Section 12(2) of the Securities Act of 1933 (15 U.S.C. § 77l(2)) for losses incurred in the purchase of securities induced by fraud on the part of the defendants.

The court has examined the complaint and finds that it contains a plain and concise statement of each of the claims for relief. Except for immaterial differences, each of the challenged paragraphs of the complaint allege "At the time of such purchases, plaintiff was unaware of the falsity of the oral communications hereinabove referred to. Plaintiff did not discover the untruth of such oral communications until October, 1961, when he learned of the untruths. One year has not elapsed since the discovery of the falsity of said communications or since such discovery could have been made by plaintiff as a result of reasonable diligence."

In accordance with the requirement of Rule 12(e), Federal Rules of Civil Procedure, that the moving party "point out the defects complained of and the details desired", defendants assert that the challenged paragraphs "should be expanded so as to indicate under what circumstances and in what manner the plaintiff did discover the alleged untruths, and specifically, in what manner the plaintiff exercised reasonable diligence in connection therewith, setting forth what steps, if any, he took, and when."

In support of their contention, defendants rely on Osborne v. Mallory, 86 F. Supp. 869 (S.D.N.Y.1949), where, among things, the court, Leibell, J., did require details as to why a fraud could not have been discovered sooner by the exercise of reasonable diligence. The instant complaint, however, does set forth at least two reasons why the fraud could not have been discovered in defendants' failure to furnish the prospectuses and measures to prevent detection of their misrepresentations.

Clearly, this complaint is not so vague and ambiguous that defendants cannot reasonably be required to frame a responsive pleading. If defendants seek further detail, the remedy is by discovery and not by way of a more definite statement which, in this instance, would plainly require a pleading of evidence. To the extent that Osborne v. Mallory, supra, is to the contrary, I decline to follow it.

Accordingly, the motion is in all respects denied. So ordered.