**David ROTSTEIN, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**REYNOLDS & CO., a partnership, et al., Defendants.**

**No. 72 C 2763.**

United States District Court,
N. D. Illinois, E. D.
May 30, 1973.

William M. Ward and Michael J. Hogan, Ward, Lussier & Dee, Chicago, Ill., for plaintiff.

Hamilton Smith, John H. McDermott, and Larry E. Ribstein, McDermott, Will & Emery, Chicago, Ill., on behalf of defendants Reynolds & Co., a partnership; Reynolds Securities Inc., a corporation; and Robert Schell.

Leon E. Lindenbaum, and William F. Coale, Walsh, Case & Coale, Associated, Chicago, Ill., on behalf of defendant Automated Marketing Systems, Inc., a corporation.

Burton Y. Weitzenfeld, John F. McClure, and Michael R. Turoff, Chicago, Ill., on behalf of defendant Monterey Life Systems, Inc., a corporation.

## MEMORANDUM OPINION AND ORDER

AUSTIN, District Judge.

In this case plaintiff seeks damages under state and federal securities laws from two broker-dealer defendants and two issuers of securities, Automated Marketing Systems, Inc. ("Automated") and Monterey Life Systems, Inc. ("Monterey"). The broker-dealer defendants have filed a motion to dismiss certain portions of the complaint for failure to state a claim. To the extent and for the reasons indicated below, that motion to dismiss shall be granted and plaintiff is given leave to file an amended complaint in accordance with the provisions of this opinion within twenty days.

### I. The Sale of Unregistered Securities

Paragraph 6 of both Count I and Count II allege that these securities were sold at a time when they were not the subject of an effective registration statement, as required by § 5 of the '33 Act.[1] The defendant broker-dealers[2] assert that the exclusive remedy for a violation of § 5 is an action under § 12(1) of the Act, which is governed by the one-year limitations period of § 13. Since plaintiff's purchases occurred more than one year prior to the filing of this suit, they claim that the sale of an unregistered security no longer is actionable. In reply, plaintiff asserts that the sale of an unregistered security also violates the antifraud provisions of § 10(b) of the '34 Act and Rule 10b-5, 17 C.F.R. § 240.10b-5, which is governed by a three-year statute of limitations in this circuit. Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972). He claims that the remedies afforded by each Act are cumulative and not mutually exclusive and that therefore the sale of an unregistered security is actionable under either statute. Jordan Building Corp. v. Doyle, O'Connor & Co., 401 F.2d 47 (7th Cir. 1968); Schaefer v. First National Bank of Lincolnwood, 326 F. Supp. 1186 (N.D.Ill.1970).

That the remedies afforded by each Act are cumulative cannot be denied. Jordan and Schaefer stand for the general principle that if conduct is found subject to the more general as well as the specific prohibitions of the securities laws, the fact that the statute of limitations has run on one theory of liability does not preclude plaintiff's recovery on the other. In particular, the Jordan case held that a securities action based on false oral and written state-

---

1. Construing the pleadings most favorably to the plaintiff, who opposes this motion to dismiss, it will be assumed that the securities in fact required registration prior to sale because they were not entitled to an exemption.

2. Note that defendant Automated Marketing Systems, Inc. asserts this as an affirmative defense.

ments may be brought under either § 12(2) of the '33 Act or § 10(b) and Rule 10b–5 of the '34 Act. *Schaefer* followed the *Jordan* opinion and found that an action alleging market manipulation is not limited to the provisions of § 12(2) of the '33 Act and § 9 of the '34 Act, but may also be brought pursuant to § 17 of the '33 Act and §§ 10 and 15(c) of the '34 Act.[3] The effect of these decisions was to extend the time for filing a suit to the longer of the limitation of action provisions applicable to either statute, which is precisely what plaintiff seeks to do here. Thus, the question in this case is whether the sale of unregistered stock is conduct falling within the broad antifraud provisions of § 10(b) and Rule 10b–5 of the '34 Act, for it is clear that the statute of limitations has run on plaintiff's rights under § 12(1) of the '33 Act.

█ In considering whether the sale of unregistered stock is actionable under § 10(b) of the '34 Act, it must be remembered that this is not a case where plaintiff asks the court to imply a private right of action for the breach of a statutory duty.[4] Here, the remedy is clearly defined in the statute itself. Nor do Paragraphs 6 of each Count allege a right to recovery based upon the wrongful concealment of the issuer's failure to register the stock[5] or upon the broker-dealer's recommendation of a stock without an adequate basis for the recommendation or, alternatively, upon his failure to disclose the absence of reliable information about the issuer.[6] Rather, plaintiff asserts that the mere sale of unregistered stock itself falls within the antifraud provisions of the '34 Act. With this I cannot agree.

Section 10(b) of the '34 Act makes it unlawful to employ "any manipulative or deceptive device or contrivance" in con-

nection with the sale of any security. Rule 10b–5 broadly defines three categories of abuse that come within the scope of § 10(b). The sale of an unregistered security does not fall within Rule 10b–5(a) or (c) because, unlike market rigging or manipulative practices, the sale itself defrauds or deceives no one. Nor do Paragraphs 6 of each Count predicate liability on defendants' failure to advise plaintiff that the securities were unregistered, which would clearly be an omission of a material fact within the scope of Rule 10b–5(b). Rather, plaintiff's position is tantamount to asserting not only that every violation of the securities laws gives rise to a private right of action, whether that right is expressly authorized by the statute or not, but also that every violation of the securities laws is actionable under the antifraud provisions of the '34 Act. Such a theory is supported neither by the statute or its rule nor by the cases interpreting them. *See generally* 2 CCH Fed.Sec.L.Rep. ¶ 22,781 (1970) and the cases cited therein. Therefore, to the extent that they purport to state a claim for relief under § 12(1) of the '33 Act or § 10(b) and Rule 10b–5 of the '34 Act, Paragraphs 6 of each Count are dismissed for failure to state a claim.

## II. *The Illinois Securities Law of 1953*

██ Paragraphs 6 and 7 of Counts I and II allege that the subject securities were sold in violation of the Illinois Securities Law of 1953, the remedy for which is contained in Ill.Rev.Stat., Ch. 121½, § 137.13 (Smith-Hurd Supp. 1972). Under that section, the prerequisites for recovery are (1) "tender to the seller or into court of the securities sold or, where the securities were not received, of any contract made in respect of such sale" and (2) notice of election to rescind. Not only has plaintiff failed

---

3. *See also* Batchelor v. Legg & Co., 52 F.R.D. 545 (D.Md.1971); Maher v. J. R. Williston & Beane, Inc., 280 F.Supp. 133 (S.D.N.Y.1967).

4. *See generally* L. Loss, Securities Regulation 934–42 (2d ed. 1961).

5. *E. g.*, Osborne v. Mallory, 86 F.Supp. 869 (S.D.N.Y.1949); Sec.Release No. 34–9001, Oct. 20, 1970.

6. Sec.Release No. 34–6721 and 33–443, February 2, 1962. *See also* Sec.Release No. 34–9239 and 33–5168, July 1, 1971.

to allege tender and notice, but he has also alleged that he sold all of the subject securities, thereby rendering impossible his compliance with the statutory prerequisites of recovery. Defendants properly point out that, unlike the federal rule, the exclusive remedy for a violation of the Illinois Securities Law is recision. Glen v. Dodson, 347 Ill. 473, 180 N.E. 393 (1932); Weisbrod v. Lowitz, 282 Ill.App. 252 (1935); Weber v. Rupp, 235 Ill.App. 132 (1932). Hence, they move to dismiss Paragraphs 6 and 7 of each Count for failure to state a claim under state law.

In reply, plaintiff first asks this court to imply a remedy for damages under the Illinois Securities Law of 1953 similar to that available under § 10(b) of the federal Securities Exchange Act of 1934 and then argues that the above-cited authorities to the contrary are obsolete because they predate the 1953 Law. Neither argument is convincing. Illinois has had a blue sky law since 1917 and not once in all those years have the courts of Illinois ever implied the type of remedy which plaintiff seeks in this case. Rather, they have interpreted the recision remedy of the predecessors of § 137.13 as exclusive and have denied relief absent the requisite notice and tender. Glen v. Dodson, *supra*. Therefore, Paragraphs 6 and 7 of each Count are dismissed to the extent that they purport to state a claim under the Illinois Securities Law of 1953.

### III. *The Claim That Certain Allegations Constitute Puffing and Are Not Actionable*

Defendants assert that certain of the allegations contained in Paragraphs 7 of each Count are mere puffing and not actionable under § 12 of the '33 Act and Rule 10b–5 of the '34 Act. Bowman v. Hartig, 334 F.Supp. 1323, 1328 (S.D.N.Y.1971). The court agrees that the statements that the stock of defendant Monterey was a red hot stock and plaintiff could not lose on an investment in Monterey, that plaintiff would make a bundle of money on the stock of defendant Automated, and that

it was impossible to lose money in an investment in Automated are mere puffing and are not actionable under either the federal or state securities laws. However, the statements that the stock of defendant Automated would go up and that it would reach $30 per share are actionable to the extent that they were unfounded representations or predictions of future performance, for which the broker-dealer defendants lacked reliable information. Sec. Release No. 34–9239 and 33–5168, July 1, 1971; Sec. Release No. 34–6721 and 33–443, February 2, 1962.

### IV. *Failure to Deliver a Prospectus*

Paragraphs 7 of Counts I and II allege that the broker-dealer defendants violated § 12(2) of the '33 Act, Rule 10b–5 of the '34 Act, and § 12 of the Illinois Securities Act of 1953 because they failed to deliver a prospectus in connection with the subject transactions. Plaintiff's theory here is similar to that asserted in connection with his allegation that the sale of an unregistered security alone is sufficient to state a claim under the antifraud provisions of the '34 Act and of § 12 of the Illinois Securities Law of 1953. *See* Part I, *supra*. Similarly, the court finds that the failure to deliver a prospectus is not actionable under Illinois law because it is impossible for plaintiff to comply with the notice and tender requirements of that statute. Nor does the failure to deliver a prospectus in itself state a cause of action under Rule 10b–5 of the '34 Act or § 12(2) of the '33 Act because such conduct is not inherently fraudulent or deceitful. It is only when the requirement for a prospectus has been concealed that a claim is stated under those laws. Otherwise, plaintiff's remedy is under § 12(1) of the '33 Act, which is now barred by the limitation of actions provisions of § 13 of that statute.

### V. *The Information Sheet*

Paragraph 7(g) of Count II alleges a violation of § 12 of the '33 Act and of Rule 10b–5 of the '34 Act in that the broker-dealer defendants delivered to

plaintiff "an information sheet with respect to Monterey containing untrue statements of material facts, and failed to disclose material facts concerning the business and financial affairs of defendant Monterey." The court agrees with defendants that this allegation is too vague to state an actionable claim because it is utterly lacking in any factual content as required by Federal Civil Rule 9(b). O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964); Washburn v. Madison Square Garden Corp., 340 F.Supp. 504 (S.D.N.Y.1972); Lewis v. Salny, '69-'70 CCH Fed.Sec.L.Rep. ¶ 92,687 (E.D.N.Y.1970); Seward v. Hammond, 8 F.R.D. 457 (D.Mass.1948). Therefore, Paragraph 7(g) of Count II shall be dismissed with leave to file an amended complaint conforming to this opinion.

### VI. *The Sale of Inland Steel Co. Stock*

█ The allegation of Paragraph 6 of Count I that the broker-dealer defendants induced plaintiff to sell Inland Steel stock at a loss to provide funds to invest in Automated fails to state a claim under § 12 of the '33 Act and Rule 10b–5 of the '34 Act. That such conduct might be actionable as part of an overall scheme or artifice to defraud is undisputed. However, since plaintiff has not alleged such a scheme anywhere in his complaint, this allegation shall be stricken with leave to file an amended complaint in accordance with this opinion.

### VII. *The Claim That the Securities Were Unsuitable to Plaintiff's Needs*

█ Paragraph 10 of each Count alleges that the securities purchased by plaintiff were unsuitable to his financial condition, circumstances, and needs. While it is clear that this is a viable theory of recovery, Avern Trust v. Clarke, 415 F.2d 1238 (7th Cir. 1969), the court considers the claim as alleged to be vague, conclusory, and without factual support because it gives not even a hint as to why the Automated and Monterey stock was unsuitable. Paragraph 10 of each Count shall be dismissed with leave to amend the complaint in a manner that would give defendants the minimal notice to which they are entitled under Federal Civil Rule 8.

### VIII. *Class Action*

Finally, there is the matter of plaintiff's request for leave to proceed as a class and it is clear that at this stage in the litigation this action does not meet the requirements of Rule 23. A class action might have been appropriate on the claim that these securities were sold while not being subject to an effective registration statement, that the broker-dealer defendants were conducting a "boiler room" operation, that they failed to deliver a prospectus, or that their information sheet was fraudulent. However, these theories of recovery are either barred by the statute of limitations or are improperly pleaded and thus no longer a part of this case. What remains are allegations pertinent to the claims of this single plaintiff and no one else. Therefore, as it presently stands, the complaint does not meet the requirements of Rule 23 and leave to proceed as a class shall be denied without prejudice to this court's reconsideration of the question after plaintiff files his amended complaint.