### FIRST DEPARTMENT, OCTOBER, 1975

### (October 2, 1975)

■ In the Matter of TENANTS' UNION OF THE WEST SIDE, INC., et al., Appellants, v ABRAHAM D. BEAME, as Mayor of the City of New York, et al., Respondents, and PARKCHESTER MANAGEMENT CORP., Intervenor-Respondent.—Judgment, Supreme Court, New York County, entered on July 30, 1975, unanimously affirmed on the opinion of Korn, J., at Special Term, without costs and without disbursements. No opinion. Concur—Stevens, P. J., Kupferman, Lupiano and Capozzoli, JJ.

■ In the Matter of the Arbitration between BACHE & Co. INCORPORATED, Respondent, and HS EQUITIES, INC., Appellant.—Judgment, Supreme Court, New York County, entered August 17, 1972 granting petitioner's application for a stay of arbitration, unanimously reversed, on the law, the stay vacated and the petition dismissed, with $40 costs and disbursements of this appeal to appellant. The acts complained of can be construed to fall within the proscription of either section 9 or subdivision (b) of section 10 of the Securities Exchange Act (US Code, tit 15, §§ 78i, 78j) (see *Fischman v Raytheon Mfg. Co.,* 188 F2d 783; *Klein v Spear, Leeds & Kellogg,* 306 F Supp 743). Although the Statute of Limitations has expired with respect to section 9, since the remedies provided under the Securities Exchange Act are cumulative and not mutually exclusive *(Schaefer v First Nat. Bank of Lincolnwood,* 509 F2d 1287), appellant may still seek to enforce those rights which are not time-barred *(Carr v Lipshie,* 8 AD2d 330, affd 9 NY2d 983; *Rotstein v Reynolds & Co.,* 359 F Supp 109; *Maher v Williston & Beane,* 280 F Supp 133). Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Nunez, JJ.