650 F.Supp. 972 (1987)
Charles WELEK III, et al., Plaintiffs,
v.
Sandra SOLOMON, et al., Defendants.
No. 86-784C(6).
United States District Court, E.D. Missouri, E.D.
January 9, 1987.
*973 David L. Campbell and William J. Raack, St. Louis, Mo., for plaintiffs.
Susan H. Mello, St. Louis, Mo., Dean A. Aarestad and Gerald R. Rome, Aurora, Colo., Sheldon Weinhaus, St. Louis, Mo., Louis J. Davis, Englewood, Colo., John T. Hawk, St. Louis, Mo., P. Scott Lowery, Denver, Colo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that the motion of defendants J.W. Gant and Associates, Inc., J.W. Gant and Associates, Ltd., Sandra L. Solomon and Salvatore A. Venezia to dismiss plaintiffs' complaint be and it is granted with respect to plaintiffs' claim arising under § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77a, et seq., (1933 Act) and denied with respect to plaintiffs' remaining claims.
IT IS FURTHER ORDERED that the motion of defendant Cassia Petroleum Corporation to dismiss for insufficiency of service of process be and it is denied as moot.
IT IS FURTHER ORDERED that the motion of defendant Cassia Petroleum Corporation to dismiss on the basis of forum non conveniens be and it is denied.
Plaintiffs in this action are two individual residents of Missouri and a Missouri Pension Trust who, over a three-month period in 1985, between them purchased 179,000 shares of Cassia Petroleum Corporation stock through J.W. Gant and Associates, Ltd. (Gant), a Colorado limited partnership engaged in the securities brokerage business.[1] Cassia Petroleum Corporation (Cassia) is a Canadian corporation organized under the laws of the Province of British Columbia and with its principal place of business in that province.[2]
Plaintiffs allege that the Cassia stock was not properly registered with either the Securities and Exchange Commission or the Missouri Commissioner of Securities and that the sale of that stock to plaintiffs was effected by means of an unlawful prospectus and was fraudulently induced. Plaintiffs seek to recover under § 12 of the Securities Act of 1933, 15 U.S.C. § 77a, et seq., (1933 Act) and § 409.301 RSMo, (Count I), § 17(a) of the 1933 Act, Rule 10b-5 promulgated under the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq., (1934 Act) and § 409.411 RSMo, (Count II), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., (RICO) (Count III) and principles of common law fraud (Count IV).
Defendants Gant Corp., Gant, Solomon and Venezia have moved the Court to dismiss on the grounds that 1) the Eighth Circuit does not recognize a private cause of action under § 17(a) of the 1933 Act; 2) plaintiffs have failed to plead their fraud counts with specificity as required by Rule 9(b), Fed.R.Civ.Pro.;[3] and 3) plaintiffs have failed to state a claim under RICO.
Granting the pleadings the liberal contruction mandated on a motion to dismiss, *974 see Bennett v. Berg, 685 F.2d 1053, 1057 (8th Cir.1982), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957), this Court cannot say that plaintiffs would be unable to prove any set of facts in support of their claims that would entitle them to relief. Dismissal is therefore inappropriate on all counts other than those asserted under § 17(a) of the 1933 Act. Eighth Circuit precedent precludes recovery on that basis as a matter of law. Shull v. Dain, Kalman & Quail, Inc., 561 F.2d 152, 159 (8th Cir. 1977), cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978) (declining to recognize a private cause of action under § 17(a)).
This Court finds that plaintiffs' complaint contains specific allegations of "the acts or omissions upon which the claim rests, giving the defendant adequate information to frame a response." Ross v. A.H. Robins Co., 607 F.2d 545 (2d Cir.1979), cert. denied, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Rule 9(b) requires no more.[4]
Defendants attack plaintiffs' allegations of a RICO violation on the alternative bases that plaintiffs have failed to plead an "enterprise" separate from the individuals on whom liability is sought to be imposed and that plaintiffs' allegations fail to satisfy the test for a "pattern of racketeering activity" under developing Eighth Circuit law. The Court, while attentive to the possibility that the evidence might not support the pleadings, finds that plaintiffs have adequately pleaded the separate elements of a civil RICO violation.
First, the distinct identity of an enterprise from an individual defendant is required under § 1962(c) only, see Schofield v. First Commodity Corp. of Boston, 793 F.2d 28 (1st Cir.1986); Haroco, Inc. v. American Nat'l Bank, 747 F.2d 384 (7th Cir.1984), and not under §§ 1962(a) and (b). Plaintiffs have not sought to charge Cassia itself with liability in those counts in which they plead Cassia as the enterprise. Plaintiffs' allegations also sufficiently distinguish the enterprise from the racketeering activity, see United States v. Turkette, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (enterprise must be capable of standing alone).
Second, this Court finds that the alleged conduct by defendants, comprising multiple mail, wire and securities frauds undertaken in furtherance of at least nine separate securities transactions, satisfies the "pattern" requirement under RICO even under its strict recent interpretations. See, e.g., Holmberg v. Morrisette, 800 F.2d 205 (8th Cir.1986); Superior Oil Co. v. Fulmer, 785 F.2d 252 (8th Cir.1986). This is not a case in which multiple frauds are alleged in furtherance of a single unlawful transaction, compare Albright Missouri, Inc. v. Billeter, 631 F.Supp. 1328, 1330 (E.D.Mo.1986). This Court concludes that plaintiffs have pleaded "continuity plus relationship" adequately to render dismissal inappropriate.
This Court also concludes that no purpose of efficiency or judicial economy would be served by dismissing plaintiffs' pendent state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
Defendant Cassia has moved the Court to dismiss on the grounds of forum non conveniens. While recognizing that defending this suit in Missouri will impose some hardship on the corporation, the Court notes that the special venue provisions of the 1933 Act, the 1934 Act and RICO dictate that the Eastern District of *975 Missouri, as the district in which the challenged transactions occurred, is the only forum in which venue is proper on all claims. Dismissal on forum non conveniens grounds is inappropriate where no adequate alternative forum exists. Mizokami Bros. of Arizona, Inc. v. Mobay Chemical Corp., 660 F.2d 712 (8th Cir. 1981).
NOTES
[1] Defendants Sandra L. Solomon, Salvatore A. Venezia and J.W. Gant and Associates, Inc. (Gant Corp.), residents of Colorado, are the general partners of Gant. Defendants Richard H. Steinberg, Sandee S. Steinberg, Philip M. Georgeson and Lawson Kerster, all residents of Colorado, are limited partners of Gant.
[2] Defendants James Newton, Lance Larsen, Ralph Blatt, Dana Upton, John A. Wood, Inge Kerster and Ken Lee, all residents of British Columbia, are alleged to be officers, directors and controlling persons of Cassia.
[3] Defendants also urge the Court to dismiss on the basis that defendants' alleged misrepresentations to plaintiff Pension occurred subsequent to plaintiff's stock purchases and hence cannot have induced those purchases. Plaintiffs have requested leave to amend their complaint to correct this defect in pleadings; hence, the Court will not dismiss on that basis.
[4] Defendants also argue, citing Rotstein v. Reynolds & Co., 359 F.Supp. 109, 112 (N.D.Ill.1973), that an alleged failure to disclose the fact that the Cassia stock was unregistered cannot constitute an omission on which Rule 10b-5 liability can be based. This Court thinks defendants overstate the rule of Rotstein, which recognizes that where a plaintiff relies upon a representation that securities have been registered, as alleged in this case, failure to disclose otherwise may constitute a material omission. This alleged omission is in any case but one of several misrepresentations and omissions alleged by plaintiffs, and disallowance of it would not defeat plaintiffs' claim.