**Philip DACK et al., Plaintiffs,**

**v.**

**Neil James SHANMAN et al., Defendants.**

United States District Court
S. D. New York.
Feb. 7, 1964.

Malchman & Klied, New York City, for plaintiffs.

Hoffberg & Stecher, New York City, for defendant Sidney Tager, a/b/a The Tager Co.

Robert Schwartz, Huntington Station, N. Y., for defendant Albert Wasserman.

Germaise, Frietag & Altman, New York City, for defendants Diversified Collateral Corp., Harlan Street and Leo Greenfield.

McLEAN, District Judge.

This is an action for the return of the purchase price of certain stock of Diversified Collateral Corporation allegedly purchased by plaintiffs from defendants. The complaint contains four counts. Defendant Sidney Tager, doing business as The Tager Company, moves for summary judgment on each count on the ground that it is barred by the statute of limitations. He also moves to dismiss the third count on the additional ground that it fails to state a claim.

Plaintiffs purchased the stock in November and December 1960. Although this action was begun as to certain defendants in November 1961, it was not commenced as to defendant Tager until August 15, 1963, almost three years after the date of purchase. There is no dispute about this and no issue as to any material fact, as far as the statute of limitations is concerned. Defendant's motion for summary judgment raises only questions of law.

■ The first count alleges in substance that "defendants herein and said Neil James & Co. Inc." sold the stock to plaintiffs by using the mails and means of communication in interstate commerce, that no registration statement with respect to the stock was in effect, and that the sale therefore violated Section 5(a) of the Securities Act of 1933 (15 U.S.C. § 77e(a)). A right of action for such a violation is given by 15 U.S.C. § 77l(1). Section 77m provides that an action to enforce a liability created by Section 77l(1) must be brought within one year after the violation. As to the moving defendant, this count is therefore barred. Plaintiffs do not contend otherwise. As to this count, the motion for summary judgment is granted.

■ The second count alleges in substance that in selling the stock to plaintiffs, "said Neil James & Co. Inc. and defendants herein" made untrue statements of material facts and omitted to state material facts in violation of Section 12 of the Securities Act of 1933 (15 U.S.C. § 77l(2)). Section 77m provides that an action to enforce a liability created by Section 77l(2) must be brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence. Obviously plaintiffs must have discovered the alleged untrue statements and omissions more than one year before the action was begun against defendant Tager, for it was almost three years before that date that they filed their complaint against the other defendants alleging that such statements and omissions had been made. The second count is thus barred by the statute of limitations. Plaintiffs do not contend otherwise. As to the second count, the motion for summary judgment is granted.

The third count presents different questions. It merely realleges certain previous paragraphs of the complaint and then alleges that defendants "in making the statements and omitting to make the statements set forth in paragraph 10 of the second count, violated the provisions of Section 17 of the Securities Act of 1933 as amended, 15 U.S.C. 77q, relating to fraudulent interstate transactions."

This amounts to a charge that the same misstatements and omissions which form the basis of the claim in count 2 of violation of Section 77l(2) also constitute a violation of Section 77q.

■ It has been held on several occasions that although Section 77q does not expressly state that a private individual may maintain an action for its violation, such a right of action is to be implied from the fact that the section makes it

"unlawful" in the sale of securities to employ a scheme to defraud or to obtain money by means of untrue statements or material omissions. Osborne v. Mallory, 86 F.Supp. 869 (S.D.N.Y.1949); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y. 1955)

I followed these decisions in Pfeffer v. Cressaty, 223 F.Supp. 756 (S.D.N.Y. 1963).

■ Defendant Tager's motion to dismiss this count is based on the theory that the count lacks allegations necessary to state a cause of action for fraud and deceit. But no such allegations need be made. It is sufficient to allege that defendants made untrue statements of material facts or omitted to state material facts. Ellis v. Carter, 291 F.2d 270 (9th Cir. 1961); See SEC v. Capital Gains Bureau, 375 U.S. 180, 198, 84 S.Ct. 275, 11 L.Ed.2d 237 (1963)

Although the third count is in very abbreviated form, I believe that it can fairly be construed as containing such an allegation. It therefore states a claim. Defendant's motion to dismiss for failure to state a claim is denied.

■ The Securities Act of 1933 is silent as to the statute of limitations governing an action for violation of Section 77q. It has been held that in these circumstances this court must look to the applicable New York statute. Osborne v. Mallory, supra

■ There are two possibilities here, either the six-year New York statute of limitations applicable to actions for fraud (Civil Practice Act, § 48(5)), or the six-year statute applicable to actions to recover upon a liability created by statute (C.P.A. § 48(2)).* Although conceivably the fraud statute might be applicable here, it seems safer in view of the allega-

tions of this complaint to make use of the statute of limitations which covers actions to recover upon a liability created by statute. In either case it is clear that the third count is not time barred. As to this count, defendant Tager's motion for summary judgment is denied.

The fourth count is even more elliptical than the third. It merely realleges a few paragraphs of the first count and adds an allegation that "in the sale as aforesaid of said common stock * * * said Neil James & Co. Inc. was acting as the agent of * * * defendant Sidney Tager." It will thus be observed that in the first count plaintiffs allege that "defendants" (which literally means all defendants, including defendant Tager), "and said Neil James & Co. Inc." sold the stock, whereas in the fourth count they allege that it was actually Neil James & Co. Inc. which sold it but that Neil James & Co. Inc. was acting as agent of Tager. As far as the substance of the charge against Tager is concerned, it would seem at first blush that the fourth count is merely a repetition of the first, for it adds nothing of substance to say that Tager is bound by the act of James as his agent, rather than by his own act. But one of the paragraphs of the first count which is realleged in the fourth count is paragraph 7 which alleges that James never delivered the stock to the plaintiffs. It may be plaintiffs' contention that regardless of any violation of the Securities Act of 1933, plaintiffs are entitled to recover the purchase price which they paid on the theory of unjust enrichment and money had and received by James and by Tager as James' alleged principal.

■ If this is indeed plaintiffs' theory, then it would follow that the fourth count is not a mere repetition of the first. Defendant Tager's only attack upon this

---

* Although the New York Civil Practice Act was superseded by the Civil Practice Law and Rules on September 1, 1963, under CPLR § 218(b) the provisions of the former Civil Practice Act determine the statute of limitations applicable to this action. Even if the statute of limitations of the CPLR were to be applied, it would make no difference here, be-

cause under the CPLR, the statute of limitations in fraud actions is still six years (CPLR § 213(6), and the statute applicable to actions to recover upon a liability created by statute is three years (CPLR § 214(2). This action was begun against defendant Tager within less than three years from the purchase.

fourth count is based upon the statute of limitations and his only contention is that the count is barred by the one-year statute because the fourth count is the same as the first. This contention is not correct, if the fourth count can be fairly construed as stating a claim different from that stated in the first. My difficulty is that the fourth count is so sketchy that it is hard to tell just what the plaintiffs really claim. Defendant and the court are entitled to a pleading which will adequately advise them of what it is that plaintiffs are trying to allege. Consequently, I will dismiss the fourth count for failure to state a claim, with leave to plaintiffs to serve an amended complaint realleging the fourth count in intelligible form. Defendant Tager will then be at liberty to move to dismiss or for summary judgment, if he so desires, on all grounds which may be applicable.

■ Defendant Tager also moves to dismiss and for summary judgment on a cross-complaint against him filed by defendants Diversified Collateral Corporation, Harlan Street and Leo Greenfield. This motion raises wholly different questions. The cross-complaint alleges in substance that defendant Tager entered into an agreement with Diversified Collateral Corporation which provided that Tager would offer the shares of Diversified for sale "through members in good standing of the National Association of Securities Dealers Inc. and the Federal Securities and Exchange Commission, and in full compliance with all applicable laws, statutes, rules and regulations pertaining thereto." The cross-complaint alleges that Tager broke this agreement by hiring James to sell the securities and that Tager knew or should have known that James was not a member in good standing of the National Association of Securities Dealers Inc., etc. The cross-complainants assert that if they are held liable to plaintiffs in this action, then in turn defendant Tager will be liable to them for breach of his contract.

Defendant Tager's contention is that since the claims asserted directly against him by plaintiffs are barred by the statute of limitations, therefore the cross-complaint must be barred. This contention is without merit. Regardless of the statute of limitations applicable as between plaintiffs and defendant Tager, the cross-complaint states an ordinary cause of action for breach of contract to which the New York six-year statute of limitations (C.P.A. § 48(1); CPLR § 213(2)) applies. The motion to dismiss and for summary judgment on the cross-complaint is therefore denied.

To recapitulate: defendant Tager's motion for summary judgment with respect to the first and second counts of the complaint is granted. His motion for summary judgment with respect to the third and fourth counts of the complaint is denied. His motion to dismiss the third count for failure to state a claim is denied. The fourth count of the complaint is dismissed for failure to state a claim, with leave to amend. Defendant Tager's motion to dismiss and for summary judgment with respect to the cross-complaint is denied.

So ordered.