**William L. GUNTER et al., Plaintiffs,**

v.

**Theodore M. HUTCHESON et al., Defendants.**

**No. C76-1702.**

United States District Court,
N. D. Georgia,
Atlanta Division.

April 12, 1977.

Harold L. Russell, James H. Bratton, Jr., Thomas W. Rhodes, Gambrell, Russell, Killorin & Forbes, Atlanta, Ga., for plaintiffs.

A. Stephens Clay, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendants Cochran, Finley, Hamilton, Hutcheson, Johnson, Lancaster, Patten, Smartt, Blackwell Smith and Richard C. Thatcher.

Robert P. Cochran, Huie, Ware, Sterne, Brown & Ide, Atlanta, Ga., for defendants Youmans, Mahone and Barrett.

John Vorder Bruegge, pro se.

Paul Webb, Jr., Joel Y. Moss, Webb, Parker, Young & Ferguson, Atlanta, Ga., for defendant Richard H. Houck.

C. B. Rogers, Richard M. Sinkfield, Rogers & Hardin, Atlanta, Ga., for defendant Theodore M. Hutcheson.

Long, Aldridge, Heiner, Stevens & Sumner, S. Phillip Heiner, Atlanta, Ga., for defendant Estate of J. E. Whitaker.

John C. Stophel, John R. Seymour, Stophel, Caldwell & Heggie, Chattanooga, Tenn., for defendant Richard L. Heffner.

William Deadrick Moon, Jr., pro se.

Joe Hildreth, Chattanooga, Tenn., for defendant Executor of Estate of J. E. Whitaker, Carbaugh, Harris, Wheland, Wilson and Hipsher.

Jones, Bird & Howell, Robert H. Walling, Truly F. Bracken, Atlanta, Ga., for defendant W. Frank Hutcheson.

T. Wendell Holliday, pro se.

Harry O. Moline, Jr., Moline, Tegethoff, Ottsen & Mauze, St. Louis, Mo., for defendant Hugh S. Hauck.

Thomas S. Richey, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendant Federal Deposit Ins. Corp., as successor in int. to HBTC.

David A. Dycus, Shumacker, Thompson & Dycus, Chattanooga, Tenn., for defendants Kruesi and Lebovitz.

John A. Chandler, Sutherland, Asbill & Brennan, Atlanta, Ga., for defendant Fed. Deposit Ins. Corp.

William C. Humphreys, Jr., Alston, Miller & Gaines, Atlanta, Ga., for defendants Brock, Mills, Murphey, Oakes, Street, Unruh and Siskin.

James W. Gentry, Jr., Gentry & Boehm, Chattanooga, Tenn., for defendants B. Lamar Rankin, James T. Vann and Paul R. Cobble.

## ORDER OF COURT

MOYE, District Judge.

This is an action for securities fraud brought under the provisions of the Securities Act of 1933 (1933 Act), the Securities Exchange Act of 1934 (1934 Act), and various state-law claims by Mr. and Mrs. William Gunter, plaintiff purchasers, against Theodore M. Hutcheson (Hutcheson), seller of stock in the Hamilton Bank and Trust Company in Atlanta, Georgia, officers and/or directors of Hamilton Bank of Chattanooga, and officers and/or directors of Hamilton Bancshares, which allegedly controlled the Hamilton Bank of Chattanooga. The case is presently before the Court on defendant Hutcheson's motion to dismiss Count Two of the Complaint or, in the alternative, for an undertaking for the payment of costs.

Count Two of plaintiff's Complaint is based solely upon the alleged violation of § 17(a) of the 1933 Act, 15 U.S.C. § 77q(a), which provides as follows:

"(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

The issue before the Court is whether plaintiffs have a right of action under § 17(a) although none is specifically provided in the provision. Plaintiffs contend that a private cause of action should be implied from § 17(a) under the principle that breach of a statutory duty gives rise to an action in tort when that breach proximately causes damage to a plaintiff within the statute's protected class. Defendant Hutcheson argues that the better reasoned authority holds that no implied civil liability arises

under § 17(a) itself, apart from the liability which may be imposed on such conduct under § 12(2) of the 1933 Act, 15 U.S.C. § 77*l*(2).

The Court had this identical question before it on defendants Brock, Mills, Murphy, Oakes, Street, Uruh, and Siskin's motion to dismiss. In its order entered March 23, 1977, the Court noted that § 12(2) provided a civil remedy for violations of § 17(a) and found it unnecessary to address the § 17(a) private right of action issue inasmuch as plaintiffs could enforce the duties owed them under § 17(a) by alleging a cause of action under § 12(2). *See Hardy v. Sanson*, 356 F.Supp. 1034 (N.D.Ga.1973). Accordingly, the Court granted plaintiffs 20 days to amend their Complaint to assert a cause of action under § 12(2).

None of the parties to defendants Brock's, et al., motion to dismiss indicated that a cause of action under § 12(2) would be improper. However, defendant Hutcheson has brought to the Court's attention that plaintiffs may not be entitled to assert a cause of action under § 12(2) inasmuch as bank securities are expressly excluded from the coverage of that section. 15 U.S.C. §§ 77c(a)(2) and 77*l*(2). The Court need not comment on the § 12 exclusion at this time but, in light of the apparent exclusion, the Court shall consider the question of a private right of action under § 17(a) on its merits.

Neither the Fifth Circuit Court of Appeals[1] nor the United States Supreme Court has addressed the issue presently before the Court. Moreover, no clear line of authority can be gleaned from the decisions of federal courts which have resolved the question. Some courts have found that § 17(a) does not imply a private right of action, *see, e. g., Dyer v. Eastern Trust and Banking Co.*, 336 F.Supp. 890, 903–05 (D.Me.N.D.1971); *Emmi v. First-Manufacturers National Bank of Lewiston and Auburn*, 336 F.Supp. 629, 635 (D.Me.S.D.1971);

*Cowsar v. Regional Recreations, Inc.*, 65 F.R.D. 394, 398 (M.D.La.1974); *Reid v. Mann*, 381 F.Supp. 525 (N.D.Ill.E.D.1974); *Welch Foods Inc. v. Goldman Sachs*, 398 F.Supp. 1393, 1399–1401 (S.D.N.Y.1974); *Ferland v. Orange Groves of Florida*, 377 F.Supp. 690, 706–07 (M.D.Fla.1974); *Architectural League of New York v. Bantos*, 404 F.Supp. 304, 313 (S.D.N.Y.1975), while other courts have found that there is an implied private right of action under § 17(a), *see, e. g., Surowitz v. Hilton Hotels Corp.*, 342 F.2d 596 (7th Cir. 1965); *rev'd on other grounds*, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966); *Osborne v. Mallory*, 86 F.Supp. 869, 878–79 (S.D.N.Y.1949); *Dack v. Shanman*, 227 F.Supp. 26, 28–29 (S.D.N.Y.1964); *Lynn v. Caraway*, 252 F.Supp. 858, 863–64 (W.D. La.1966), *aff'd per curiam*, 379 F.2d 943 (5th Cir. 1967), *cert. denied*, 393 U.S. 951, 89 S.Ct. 373, 21 L.Ed.2d 362 (1968); *Hecht v. Harris, Upham & Co.*, 283 F.Supp. 417 (N.D. Cal.1968), *aff'd, as modified on other grounds*, 430 F.2d 1202 (9th Cir. 1970); *Dorfman v. First Boston Corp.*, 336 F.Supp. 1089, 1093–96 (E.D.Pa.1975) (limits a private right of action under § 17 to the restrictions on claims for relief in the 1933 Act); *B & B Investment Club v. Kleinert's, Inc.*, 391 F.Supp. 720, 726 (E.D.Pa.1975); *Daniel v. International Brotherhood of Teamsters, etc.*, 410 F.Supp. 541, 546–47 (N.D.Ill.E.D.1976). As may be noted from the above citations, the question is so uncertain that two districts, the Southern District of New York and the Northern District of Illinois, have changed or modified their positions in recent years. *See Reid v. Mann*, 381 F.Supp. 525 (N.D.Ill.E.D.1974) (no private right of action) and *Daniel v. International Brotherhood of Teamsters, etc.*, 410 F.Supp. 541, 546–47 (N.D.Ill.E.D. 1976) (upheld a private right of action); *Osborne v. Mallory*, 86 F.Supp. 869, 878–79 (S.D.N.Y.1949) (upheld a private right of action); *Dack v. Shanman*, 227 F.Supp. 26,

---

1. Plaintiffs' most recent brief, filed on April 8, 1977, suggests that the Fifth Circuit has indicated in dictum that there was "possibly an implied liability action by a private shareholder" under § 17(a). *United States v. Tallant*, 547

F.2d 1291, 1297 (5th Cir. 1977). In fact, the Fifth Circuit did not so indicate. When read in context, the above quoted statement was merely a reiteration of the appellants' contentions.

28–29 (S.D.N.Y.1964) (follows *Osborne* ) and *Welch Foods Inc. v. Goldman Sachs,* 398 F.Supp. 1393, 1399–1401 (S.D.N.Y.1974) (no private right of action); *Architectural League of New York v. Bantos,* 404 F.Supp. 304, 313 (S.D.N.Y.1975) (follows *Welch* ).

■ This Court, in *Hamrick v. Tico, Inc.,* Civil Action No. 14880 (N.D.Ga. June 27, 1972), held that there was no implied private right of action under § 17(a). *Accord, Hardy v. Sanson, supra,* 356 F.Supp. at 1038 (Edenfield, J.) (dicta). Although plaintiffs have made a strong argument supporting a private right of action under § 17(a), the Court is not persuaded to change its position. The Court remains convinced by the reasoning of those courts which have found that there is no private right of action implied from § 17(a). Moreover, the Court's holding is buoyed by several recent Supreme Court decisions which indicate a trend construing the federal securities laws narrowly. *See Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (a private cause of action for damages will not lie under § 10b of the 1934 Act and Rule 10b–5 in the absence of any allegation of scienter); *Piper v. Chris-Craft Industries, Inc.,* 430 U.S. 1, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977) (a tender offeror, suing in its capacity as a takeover bidder, does not have an implied cause of action under § 14(e) of the 1934 Act); *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977) (a cause of action under § 10b of the 1934 Act or Rule 10b–5 lies only when the conduct involves manipulation or deception).

In addressing the issue before the Court, the language of § 17 must first be examined, for "[t]he starting point in every case involving construction of a statute is the language itself." *Ernst & Ernst v. Hochfelder, supra,* 425 U.S. at 197, 96 S.Ct. at 1383. It is readily apparent, and undisputed, that there is no express private right of action in § 17(a). Statutory construction and legislative history also negates the contention that there is an implied right of action in § 17(a). "Viewing the 1933 Act in its entirety, both §§ 11 and 12 contain. ex-press provisions for civil remedies, which creates the reasonable inference that the absence of such a remedy in § 17 was not an oversight or the product of inartful draftsmanship." *Reid v. Mann, supra,* 381 F.Supp. at 526.

Proponents of a § 17(a) private cause of action emphasize that the Supreme Court has held that in some circumstances a private cause of action can be implied with respect to the 1934 Act's antifraud provisions, even though the relevant provisions are silent as to remedies. *J. I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) (§ 14(a)); *Superintendent of Insurance v. Bankers Life & Cas. Co.,* 404 U.S. 6, 13 n.9, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971) (§ 10(b)).

The reasoning of these decisions is that, "where congressional purposes are likely to be undermined absent private enforcement, private remedies may be implied in favor of the particular class intended to be protected by the statute." *Piper v. Chris-Craft Industries, Inc., supra,* 430 U.S. at 25, 97 S.Ct. at 941; *J. I. Case Co. v. Borak, supra,* 377 U.S. at 432, 84 S.Ct. 1555; *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 730, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

Even against this background, however, the Court does not find that § 17, which is entirely silent as to private remedies, implies a private right of action.

The only provision in either the 1933 or 1934 Act that can be read to impose liability for damages for negligent misrepresentation without restrictions as to the kinds of plaintiffs, due diligence defenses, or a short statute of limitations is § 17(a)(2) of the 1933 Act. *See SEC v. Texas Gulf Sulphur Co.,* 401 F.2d 833, 867 (2d Cir. 1968) (Friendly, J., concurring), *cert. denied sub nom., Coates v. SEC,* 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1968). However, to permit such a cause of action would undermine the carefully framed limitations imposed by Congress in §§ 11 and 12 of the 1933 Act and 10(b) of the 1934 Act, in addition to restrictions imposed by the Supreme Court in recent decisions.

As expressed by Judge Friendly in his concurring opinion in *SEC v. Texas Gulf Sulphur Co., supra,* 401 F.2d at 867:

"[T]here is unanimity among the commentators, including some who were in a peculiarly good position to know, that § 17(a)(2) of the 1933 Act—indeed the whole of § 17—was intended only to afford a basis for injunctive relief and, on a proper showing, for criminal liability, and was never believed to supplement the actions for damages provided by §§ 11 and 12. See Landis, Liability Sections of Securities Act, 18 Am.Acct. 330, 331 (1933); Douglas and Bates, Federal Securities Act of 1933, 43 Yale L.J. 171, 181–82 (1933); 3 Loss, Securities Regulation 1785–86 (1961). When the House Committee Report listed the sections that 'define the civil liabilities imposed by the Act' it pointed only to §§ 11 and 12 and stated that '[t]o impose a greater responsibility [than that provided by §§ 11 and 12] . . . would unnecessarily restrain the conscientious administration of honest business with no compensating advantage to the public.' H.Rep. No. 85, 73d Cong., 1st Sess. 9–10 (1933)."

In *Dyer v. Eastern Trust and Banking Co., supra,* cited approvingly in *Emmi v. First-Manufacturers National Bank of Lewiston and Auburn, supra; Hamrick v. Tico, Inc., supra; Welch Foods Inc. v. Goldman Sachs, supra;* and *Architectural League of New York v. Bantos, supra,* the court, quoting a portion of Professor Loss's treatise, stated as follows:

"'. . . In November 1933 Commissioner Landis of the Federal Trade Commission, who had played a prominent part in the drafting of the statute, stated in an address:

'The suggestion has been made on occasion that civil liabilities arise also from a violation of Section 17, the first subsection of which makes unlawful the circulation of falsehoods and untruths in connection with the sale of a security in interstate commerce or through the mails. But a reading of this section in the light of the entire Act leaves no doubt but that violations of its provisions give rise only to a liability to be restrained by injunctive action or, if wilfully done, to a liability to be punished criminally.'

"Although this was said many years before the *Kardon* case, there is nothing novel about the doctrine of implied tort liability based on violation of a statute. The question is simply whether there is the same justification for implying such liability under the 1933 act as there is under the 1934 act. It is one thing to imply a private right of action under § 10(b) or the other provisions of the 1934 act, because the specific liabilities created by §§ 9(e), 16(b) and 18 do not cover all the variegated activities with which that act is concerned. But it is quite another thing to add an implied remedy under § 17(a) of the 1933 act to the detailed remedies specifically created by §§ 11 and 12. The 1933 act is a much narrower statute. It deals only with disclosure and fraud in the sale of securities. It has but two important substantive provisions, §§ 5 and 17(a). Noncompliance with § 5 results in civil liability under § 12(1). Faulty compliance results in liability under § 11. And § 17(a) has its counterpart in § 12(2). It all makes a rather neat pattern. Within the area of §§ 5 and 17(a), §§ 11 and 12 (unlike §§ 9(e), 16(b) and 18 of the 1934 act) are all-embracing. This is not to say that the remedies afforded by §§ 11 and 12 are complete. But the very restrictions contained in those sections and the differences between them—for example, the fact that § 11 but not § 12 imposed liability on certain persons connected with the issuer without regard to their participation in the offering and the fact that § 12(2) does not go so far in relation to § 17(a) as § 12(1) goes in relation to § 5—make it seem the less justifiable to permit plaintiffs to circumvent the limitations of § 12 by resort to § 17(a). Particularly is this so in view of the fact that § 11, together with the statute of limitations in § 13, was actually tightened in the 1934 amendments to the Securities Act. 3

Loss, Securities Regulation 1784–85 (2d ed. 1961)."

In 1942, the Securities and Exchange Commission adopted the language of § 17(a) in drafting Rule 10b–5, 17 C.F.R. § 240.10b–5, which was promulgated under the authority of § 10(b) of the 1934 Act, and the courts have implied a private right of action under § 10(b) and Rule 10b–5. Given the almost identical language of Rule 10b–5 and § 17(a) and the fact that Rule 10b–5 is a broader provision than § 17(a) in that it covers both purchases and sales of securities, some courts see no practical point in denying the existence of such a private right of action under § 17. However, the practical significance of denying a private right of action under § 17 is that plaintiffs will be unable to circumvent the express civil remedies of both the 1933 and 1934 Acts. Such a rationale is sufficient to satisfy the Court that a private right of action should not be allowed under § 17(a).

Depriving plaintiffs of a cause of action under § 17(a) does not result in rendering the requirements of § 17(a) unenforceable. A plaintiff may seek injunctive relief under § 17(a) and, when violation of § 17(a) is wilful, criminal prosecution may ensue. Furthermore, an aggrieved purchaser has a private action under §§ 11 and 12 of the 1933 Act and § 10(b) of the 1934 Act subject to certain congressional and judicial limitations. If these provisions do not supply such a purchaser with a cause of action it is because Congress or the Supreme Court did not intend the purchaser to have a cause of action. Such a purchaser should not be allowed to do by implication under § 17 what he is expressly not permitted to do by the terms of the above-mentioned provisions which provide civil matters.

The language of § 17 gives no indication that Congress intended to create a private cause of action for violation of § 17. Nor has the Court been cited to any evidence in the legislative history that would support a departure from the language of the 1933 Act. Furthermore, an implied private cause of action under § 17(a) is unnecessary to ensure the fulfillment of Congress's pur-pose in adopting the federal securities laws and, therefore, is unnecessary. *See Piper v. Chris-Craft Industries, Inc., supra,* 430 U.S. at 42, 97 S.Ct. 926; *Santa Fe Industries, Inc. v. Green, supra,* 430 U.S. at 472, 97 S.Ct. 1292.

The Court concludes that § 17(a) of the 1933 Act does not raise an implication of a private cause of action for damages. Accordingly, defendant Hutcheson's motion to dismiss Count Two of the Complaint is hereby GRANTED.