Elzey J. MARTIN, Jr.

v.

HOWARD, WEIL, LABOUISSE, FRIEDRICKS, INC., et al.

Civ. A. No. 79–4455.

United States District Court, E. D. Louisiana.

March 28, 1980.

Dan A. Smetherman, New Orleans, La., for plaintiff Elzey J. Martin, Jr.

Peter G. Burke, Harry A. Rosenberg of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendants Howard, Weil, Labouisse, Friedricks, Inc., John R. Glas and James P. Glas.

ROBERT F. COLLINS, District Judge.

This matter came on for hearing on February 27, 1980, on the motion of defendants, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint for failing to state a claim upon which relief can be granted. The Court requested, and both counsel filed, supplemental memoranda prior to oral argument.

WHEREFORE, after due consideration of the applicable law, the arguments of counsel, and the submitted memoranda, the Court will and hereby does DENY in part and GRANT in part the motion of defendants. The Court will and hereby does DISMISS plaintiff's cause of action pursuant to Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) and plaintiff's cause of action pursuant to Section 7 of the Securities Act of 1934, 15 U.S.C. § 78g and Regulation T, 12 C.F.R. §§ 220 et seq.

## REASONS

Defendants assert that all counts of the complaint should be dismissed for failure to state a claim upon which relief can be granted. Defendants specifically seek the dismissal of plaintiff's allegations pursuant to Section 7 of the Securities Exchange Act of 1934, 15 U.S.C. § 78g (hereinafter Section

7); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (hereinafter § 10(b)), and Rule 10b–5 of the Securities Exchange Commission (hereinafter Rule 10b–5); Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l* (hereinafter Section 12(2)); and Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (hereinafter Section 17(a)). The Court will analyze individually the specific allegations defendants now seek to dismiss.

*Section 7, Securities Act of 1934*

Section 7 and Regulation T, 12 C.F.R. §§ 220 *et seq.*, regulate the amount of credit which may be extended for margin purchases of securities. In count I, paragraph 13 and count II, paragraph 4, plaintiff alleges that defendants' unauthorized actions created illegal margin positions in plaintiff's account. Defendants seek to dismiss plaintiff's Section 7 allegations on the grounds that no implied private right of action exists pursuant to Section 7 and Regulation T. Before considering this issue, it is significant to note that in 1970 Congress amended Section 7, adding Section 7(f), *see* 15 U.S.C. § 78g(f). Section 7(f) made it illegal to *obtain* credit in violation of Section 7. Prior to the addition of Section 7(f), the Section 7 margin requirements were directed solely towards parties who *extended* credit. Now Section 7 is applicable to those who *extend* and *obtain* credit for margin purchases of securities.

■ The Court agrees with defendants' contention that no implied private cause of action exists to remedy alleged violations of Section 7. The Supreme Court and the Fifth Circuit Court of Appeals have not passed upon this issue. Nevertheless, the Court holds that principles enunciated in *Stern v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 603 F.2d 1073 (4th Cir. 1979) (*Stern*) and *Utah State Univ. v. Bear, Stearns & Co.,* 549 F.2d 164 (10th Cir. 1977) (*Utah State*) are dispositive. In *Stern,* the Fourth Circuit Court of Appeals relied on the Supreme Court's landmark holding, *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) (*Cort*) which limited and set guidelines for determining whether a

private remedy is implicit in a statute not expressly providing such a remedy. As in *Stern,* 603 F.2d at 1088, plaintiff here can not satisfy the threshold requirement of *Cort.* The Court finds that plaintiff is not a member of the class, see *Cort,* 422 U.S. at 78, 95 S.Ct. at 2087, for whose benefit Section 7 and Regulation T were enacted, because the 1970 amendment of Section 7, *see* 15 U.S.C. § 78g(f), specifically proscribes *obtaining* credit in violation of Section 7.

Plaintiff, in his opposition and supplemental memoranda, relies on three cases to sustain an implied private right of action pursuant to Section 7: *Pearlstein v. Scudder & German,* 429 F.2d 1136 (2d Cir. 1970) (*Pearlstein I*); *Panayotopulas v. Chemical Bank,* 464 F.Supp. 199 (S.D.N.Y.1979) (*Panayotopulas*); and *Palmer v. Thomson & McKinnon Auchincloss, Inc.,* 427 F.Supp. 915 (D.Conn.1977) (*Palmer*). *Pearlstein I* was followed by subsequent litigation involving the same parties. *See Pearlstein v. Scudder & German,* 527 F.2d 1141 (2d Cir. 1975) (*Pearlstein II*). In *Pearlstein II,* the Second Circuit Court of Appeals commented that the enactment of Section 7(f) in 1970 "cast[s] doubt on the continued viability of the rationale of our prior holding [*Pearlstein I*]," which recognized an implied private cause of action pursuant to Section 7. *Pearlstein II,* 527 F.2d at 1145, note 3. The Second Circuit, 527 F.2d at 1145, note 3, then cited with approval *Bell v. J. D. Winer & Co.,* 392 F.Supp. 646, 652–54 (S.D.N.Y. 1975) (*Bell*). The *Bell* decision also expressed doubts as to the continued validity of *Peralstein I.* See 392 F.Supp. at 652. Unmistakably, *Pearlstein II* and its citation with approval of *Bell,* demonstrate that the Second Circuit is retreating from the views expressed in *Pearlstein I,* prior to the addition of Section 7(f). For this reason, the Court holds it would be erroneous to apply the holding of *Pearlstein I* in this cause.

Plaintiff also relies on *Palmer,* 427 F.Supp. 915 (D.Conn.1977) and *Panayotopulas,* 464 F.Supp. 199 (S.D.N.Y.1979). *Palmer* permits an implied private cause of action pursuant to Section 7 for the good faith, unsophisticated investor. *See* 427

F.Supp. at 921–22. Significantly, *Palmer* relies upon the thesis refuted by the above discussion of *Pearlstein II*, that "there is nothing in the legislative history to suggest that Congress intended to overrule the *Pearlstein [I]* decision by amending Section 7 of the Exchange Act." *Palmer,* ·427 F.Supp. at 920. The *Panayotopulas* opinion, *see* 464 F.Supp. at 203, followed *Palmer* and adopted the *Palmer* rationale. This Court will not adopt the *Palmer* rationale for the reasons previously discussed. Further, the Court notes that the nature and extent of the instant plaintiff's holdings, *see* count I, paragraphs 8, 9, and 10, suggest that in spite of the allegations of the complaint, plaintiff was not an unsophisticated investor. The Court will therefore adopt the holding of the Fourth Circuit in *Stern.* Accordingly, plaintiff's allegations expressing a cause of action pursuant to Section 7 and Regulation T will be and are hereby dismissed.

*Section 10(b) of the Securities Act of 1934 and Rule 10b–5*

■ Defendants also seek the dismissal of plaintiff's allegations asserting violations of Section 10(b) and Rule 10b–5. Based upon a recent line of cases, defendants reason by analogy that an implied private cause of action no longer exists pursuant to Section 10(b) and Rule 10b–5. *See Transamerica Mortgage Advisors, Inc. v. Lewis,* —— U.S. ——, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); *Cannon v. Univ. of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The Court agrees with defendants that these cases narrow and restrict a litigant's right to assert an implied private cause of action. Nevertheless, defendants have cited no authority, and the Court has been unable to find any authority, for the proposition that an implied right of action pursuant to Section 10 and Rule 10b–5 no longer exists. Instead, the more recent Supreme Court cases have recognized an implied private cause of action pursuant to Rule 10b–5, but have imposed more restrictive conditions on plaintiffs bringing suit

thereunder. *See Ernst & Ernst v.˙Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). The Court notes that a recent decision by the Fifth Circuit Court of Appeals, *Shores v. Sklar,* 610 F.2d 235 (5th Cir. 1980), also recognized an implied private right of action in a Rule 10b–5 nondisclosure case. *See also Affiliated Ute Citizens v. U. S.,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). Thus, the Court holds that plaintiff has stated a cause of action pursuant to Section 10(b) of the · 1934 Securities Act and Rule 10b–5.

*Section 17(a) of the Securities Act of 1933*

■ Section 17(a) proscribes the sale or offer of securities in interstate commerce where a device or scheme to defraud is employed or where a material fact is misrepresented or omitted. *See* 15 U.S.C. § 77q(a). However, Section 17(a) does not provide a statutory remedy. On the other hand, Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), provides a statutory remedy for a purchaser of securities if the sale has been consummated by means of interstate commerce and a prospectus or oral communication includes a material misrepresentation or omits to state a material fact. Thus in Section 12(2), the Securities Act of 1933 provides a specific statutory remedy. For the reasons stated below, the Court holds that the analysis of the Supreme Court in *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) (*Transamerica*) is applicable in deciding whether plaintiff may assert an implied private cause of action pursuant to Section 17(a).

The Court notes that there is a split of authority on the issue of an implied private cause of action pursuant to Section 17(a). *See* cases cited in *Gunter v. Hutcheson,* 433 F.Supp. 42, 44 (N.D.Ga.1977). Nevertheless, the Court holds that the decisions denying an implied cause of action pursuant to Section 17(a) represent the better reasoned opinions in light of the Supreme Court's holding in *Transamerica.* Accord-

ingly, the Court will dismiss plaintiff's allegations pursuant to § 17(a) contained in count IV of the complaint.

In *Transamerica*, the Supreme Court considered whether specific sections of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b–1 *et seq.*, created an implied private cause of action. Plaintiffs in *Transamerica* asserted an implied private cause of action under Section 206, 15 U.S.C. § 80b–6, which broadly proscribes fraudulent practices by investment advisers. In denying a private cause of action pursuant to Section 206, the Supreme Court stated:

> Congress expressly provided both judicial and administrative means for enforcing compliance with § 206. First, under § 217 willful violations of the Act are criminal offenses, punishable by fine or imprisonment, or both. Second, § 209 authorizes the Commission to bring civil actions in federal courts to enjoin compliance with the Act, including, of course, § 206. Third, the Commission is authorized by § 203 to impose various administrative sanctions on persons who violate the Act, including § 206. In view of these express provisions for enforcing the duties imposed by § 206, it is highly improbable that "Congress absentmindedly forgot to mention an intended private action." *Cannon v. University of Chicago*, 441 U.S., at 742, 99 S.Ct., at 1981 (POWELL, J., dissenting).

*Transamerica*, 100 S.Ct. at 247.

The rationale of *Transamerica* is applicable to the creation of an implied private cause of action pursuant to Section 17(a). In the Securities Act of 1933, express civil liabilities are created pursuant to Sections 11, 12, and in Section 20, which permits the Securities and Exchange Commission to seek injunctive relief for acts in violation of the 1933 Securities Act. The Court will therefore dismiss plaintiff's allegations in count IV asserting an implied private cause of action pursuant to Section 17, because the 1933 Act includes express statutory liabilities and remedies.

*Section 12(2) of the Securities Act of 1933*

■ In count III of the complaint, plaintiff alleges that his bond portfolio was jeopardized by defendants' unauthorized purchase and sale of securities. Plaintiff also avers that "[w]ith respect to the purchase and sale of certain securities, defendants James P. Glas and John R. Glas made false and misleading statements regarding inside information and other fraudulent and misleading statements obtained in connection with said securities." *See* complaint, count III, paragraph 6.

In their opposition memoranda, defendants correctly point out that state and municipal bonds are exempted from Section 12(2). Defendants seek the dismissal of count III because the allegations identify securities exempt from Section 12(2). The Court agrees with plaintiff's interpretation of the allegations in count III. The Court finds that construing the allegations in the light most favorable to plaintiff, he allegedly was induced to purchase and sell securities other than bonds by defendants' fraudulent and misleading statements. That is, defendants' alleged fraudulent and misleading statements caused plaintiff to purchase and sell non-exempt securities. The Court therefore holds that plaintiff has stated a cause of action pursuant to Section 12(2).

*Section 13 of the Securities Act of 1933*

■ This section provides that all actions to enforce any liability pursuant to Section 12(2) must be brought within one year after discovery of the untrue statement or omission. Plaintiff filed the complaint on November 9, 1979. In count I, paragraph 28, plaintiff alleges that on November 28, 1978, John Glas informed plaintiff that plaintiff's bonds would have to be sold to satisfy plaintiff's indebtedness to Howard, Weil. In count III, paragraph 3, the complaint alleges that defendants made purchases of securities in violation of Section 12 from June 27, 1975 through November 22, 1978. The later date falls within the prescriptive period set forth in Section 13. At this time the Court is unwilling to strike plaintiff's Section 12(2) allegations, and the Court holds that further resolution of the prescription

issue shall be deferred pending discovery of the relevant facts.

*Count VI of the Complaint*

[6–8] In the sixth and final count of the complaint, plaintiff alleges that as a result of defendants' activities, plaintiff sustained damages caused by mental distress, humiliation, and emotional suffering. Defendants seek the dismissal of this count on the grounds that there is no remedy under federal law for mental distress. Defendants cite no authority on this point. Plaintiff cites Section 16 of the Securities Act of 1933, which preserves all other rights or remedies which may exist at law or in equity. When a state cause of action arises out of the same nucleus of operative facts, it may be appended to a federal cause of action pursuant to the Court's pendant jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court notes that under Louisiana law, recovery is permitted for mental anguish. *See Fontenot v. Magnolia Petroleum Co.*, 227 La. 866, 80 So.2d 845 (1955); *Steadman v. South Central Bell*, 362 So.2d 1144 (La.App.2d Cir. 1978). At this time, therefore, the Court will not dismiss the allegations made in count VI of the complaint.