**Dann S. SHEFTELMAN, Individually and on behalf of all others Similarly Situated, Plaintiff,**

v.

**Allen O. JONES, et al., Defendants.**

**Allen O. JONES and James E. Dorsey, Third-Party Plaintiffs,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Third-Party Defendant.**

No. C84–472A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 26, 1984.

**550**

J. Vernon Patrick, Jr., Patrick & Associates, Birmingham, Ala., Emmet J. Bondurant and Karen B. Bragman, Bondurant, Miller, Hishon & Stephenson, Atlanta, Ga., for defendants Holland and Knight.

Jack H. Watson, Jr., Phillip A. Bradley; Long & Aldridge, Atlanta, Ga., for defendants Kutak, Rock and Huie.

C.B. Rogers and James W. Beverage, Rogers & Hardin and Richard H. Sinkfiel, Atlanta, Ga., for defendants Royal Care Communities, Ltd., Royal Care Communi-

ties, Inc., Jones, Clark, Dorsey, Fortune & Foundation Investors.

Harold Wilson Whiteman, Jr., Michael Gorby, Fain, Gorby, Reeves & Moraitakis, P.C., Atlanta, Ga., R. Bruce McNew, Nicholas E. Chimicles, Greenfield, Chimicles & Lewis, Haverford, Pa., for plaintiff.

Mary E. Mann, J. Alexander Porter, Asbill, Porter, Churchill, & Nellis, Atlanta, Ga., for defendants Hereth, Orr and Jones, Jack Hereth and Finerock Corp.

F. Carlton King, Doster, Allen & King, Atlanta, Ga., for defendants Rice and McElroy.

Peyton S. Hawes, Jr., Cofer, Beauchamp & Hawes, Atlanta, Ga., Richard P. McElroy, Alexander D. Bono, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., Ian M. Comisky, Blank, Rome, Comisky & McCauley, West Palm Beach, Fla., for defendants Laventhol and Horwath.

H. Sanders Carter, Jr., Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendants Cobb and Cole.

John T. Marshall, Thomas S. Richey, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendants Arnold, Golden and Grego and James E. Dorsey.

Richard H. Martin, Pittsburgh, Pa., for defendant Mahai Marcu.

John A. Howard, Andrew J. Hinton, Fortson & White, Atlanta, Ga., for plaintiff D. Sheftelman.

David A. Handley, Smith, Gambrell, Russell, Martin, Atlanta, Ga., for Nat. Union Fire Ins.

J. Kirk Quillian, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendants Yankelovich, Skelly and White.

Kirk M. McAlpin, Jr., Peter J. Anderson, Louise Bailey, Peterson, Young, Self & Asselin, Atlanta, Ga., for defendant Newton.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is an action by a purchaser of certain bonds sold to finance the development

of a life care project in Winter Haven, Florida. In the Amended Complaint the plaintiff asserts claims against all the defendants pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Plaintiff also presents claims based upon negligent misrepresentation. As to some defendants the plaintiff alleges violations of the controlling person provision of section 15 of the Securities Act of 1933 and Section 20(a) of the Securities Exchange Act of 1934. The action is now before the court on the joint motions of defendants [1] to dismiss certain portions of the amended complaint, the plaintiff's opposition thereto, and the third-party defendants' motion for a more definite statement.

I. Claim Under Section 17(a) of the Securities Act of 1933

In Count I of the Amended Complaint the plaintiff asserts that he is entitled to recover from the defendants pursuant to an implied remedy under section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Section 17(a) provides:

> It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instrument of transportation or communication in interstate commerce or by use of the mails, directly or indirectly
>
> (1) To employ any device, scheme or artifice to defraud, or
>
> (2) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or
>
> (3) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceipt upon the seller.

Defendants argue that this claim should be dismissed because the prevailing rule in this district is that there is no private right of action under section 17(a). Defendants contend that the courts in this Circuit have consistently held that section 17, which contains no express remedy or right of action, cannot serve as the basis for an implied private claim. *See, e.g. Delta Coal Program v. Libman,* 554 F.Supp. 684, 687 (N.D.Ga.1982) (Forrester, J.); *In re North American Acceptance Corporation Securities Cases,* 513 F.Supp. 608 (N.D.Ga.1981) (Moye, C.J.); *Platt v. Thomson McKinnon Auchincloss Kohleyer, Inc.,* Civil Action No. 74–1135A (N.D.Ga. November 3, 1977) (Freeman, J.). Although neither the United States Supreme Court nor the Eleventh Circuit Court of Appeals has made a definitive ruling on this issue, *see Herman & MacLean v. Huddleston,* 459 U.S. 375, 103 S.Ct. 683, 685 n. 2, 74 L.Ed.2d 548 (1983); *Gordon v. Terry,* 684 F.2d 736, 739 n. 2 (11th Cir.1982), the defendants point out that the Fifth Circuit has considered the question and held that no private cause of action exists under section 17(a). *Landry v. All American Assurance Co.,* 688 F.2d 381 (5th Cir.1982).

Plaintiff argues that the decisions relied on by the defendants represent a minority position which this court should decline to adopt. Plaintiff asserts that the Ninth, Second, Fourth, and Seventh Courts of Appeals have recognized an implied right of action under section 17(a), while only the Fifth and Eighth Circuits have rejected the claim. Plaintiff maintains that the major argument in favor of private actions under section 17(a) is the fact that similar actions are allowed under section 10(b) of the Exchange Act and Rule 10b–5. *See Dorfman*

---

**1.** The following defendants have joined in the motion to dismiss: Allen O. Jones; Royal Care Communities, Ltd., Holland & Knight; Royal Care Communities, Inc.; Kutak Rock & Huie; Hereth, Orr & Jones; Cobb & Cole, P.A.; Laventhol & Horwath; Arnall Golden & Gregory; Yankelovich, Skelly & White, Inc.; Finerock Corporation; A.O. Jones & Co.; Foundation Investors, Ltd.; James E. Dorsey; Jack R. Hereth; J. Milton Newton, Incorporated; Mahai Marcu; Arthur M. Rice, Jr.; and Robert W. McElroy.

*v. First Boston Corp.*, 336 F.Supp. 1089, 1094–95 (E.D.Pa.1972).

In determining whether a private right of action should be implied under section 17(a), the plaintiff contends that the court should apply the two-pronged test announced by the Supreme Court in *Merrill Lynch, Pierce, Fenner & Smith v. Curran, Inc.*, 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982) and *Herman & MacLean v. Huddleston*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). Plaintiff asserts that the first prong of the *Curran* and *Huddleston* test requires a finding that at the time of Congress' 1975 revision of the securities laws, an implied cause of action existed under section 17(a) as interpreted by the courts which had decided the issue. The second prong of the test requires a finding that when Congress amended the securities laws, it intended to preserve the pre-existing section 17(a) cause of action.

Plaintiff argues that section 17(a) meets both requirements of this test, and thus a private right of action should be implied. The first prong of the test is satisfied, the plaintiff contends, because although the decisions in the district courts were not unanimous, at the time of the 1975 amendment all the circuit courts which had addressed the issue had upheld the existence of a private right of action under the section. Plaintiff argues that the fact that no amendments were made to the Securities Act in 1975 demonstrates that Congress ratified the existence of a cause of action under section 17(a).

■ Although the decision not to imply a private right of action under section 17(a) is difficult, the court is not persuaded to alter its position and allow the plaintiff to maintain such a claim in this action. Supreme Court decisions establish that the question of whether Congress intended to grant a private right of action in a particular statute requires close scrutiny. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979); *see also Landry*, 688 F.2d at 391. The language of section 17 gives no indication that Congress intended to create a private cause of action for violation of section 17. *Gunther v. Hutcheson*, 433 F.Supp. 42 at 47. As the court explained in *Blumberg v. Berland*, [1981–82] Fed.Sec.L. Rep. ¶ 98,389 at 92,362 (N.D.Ga. December 9, 1981) (Murphy, J.).

> Having legislated specifically on the issue [of relief], Congress can be presumed to have considered the merit of private remedies for the wrongs defined in the Act.... Plaintiff must look solely to the civil remedies that Congress has made available. With respect to Section 17, there is no evidence that "Congress absentmindedly forgot to mention an intended private action."

Even applying the test set forth in *Curran* and *Huddleston* leaves the court unconvinced that a private cause of action should be implied under section 17(a). Because the courts that addressed the question before 1975 were divided as to whether a private right of action existed under section 17(a), the court cannot determine whether Congress intended to permit a private right of action under this section when it revised the securities laws in 1975 without altering the language of section 17. *Compare Hardy v. Sanson*, 356 F.Supp. 1034 (N.D.Ga.1973) *with Caesars Palace Securities Litigation*, 360 F.Supp. 366, 384 (S.D.N.Y.1973).

In light of the language of section 17(a), the absence of a clear showing of Congressional intent to create or recognize an implied private action under the section, and the authority in this district and the Fifth Circuit refusing to recognize such a claim, the court finds that the plaintiff cannot maintain this claim in this action. The motion to dismiss this claim will be granted.

## II. RICO Claim

In Count III of the Amended Complaint the plaintiff alleges that the defendants have violated the Racketeer Influence and Corrupt Organizations (RICO) provisions of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961–1968. RICO makes il-

legal the (a) use or investment, in an interstate "enterprise", of income or its proceeds derived from "a pattern of racketeering activity," (b) the acquisition or maintenance of any interest in, or control of, any interstate "enterprise" through a "pattern of racketeering activity;" (c) the conduct, or participation in the conduct, of the affairs of an interstate "enterprise", by a person employed by or associated with that "enterprise", through a "pattern of racketeering;" and (d) conspiracy to do any of (a), (b), or (c). 18 U.S.C. § 1962.

■ To state a claim for damages under RICO a plaintiff has two pleading burdens. He must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962, and that he was injured in his business or property by reason of a violation of section 1962, 18 U.S.C. § 1964. *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983).

■ Plaintiff must allege the existence of seven elements to satisfy the pleading burden under the substantive RICO statute: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. *Id.* at 17; *Taylor v. Bear Stearns & Co.,* 572 F.Supp. 667, 682 (N.D.Ga.1983).

Plaintiff's RICO claim, in its entirety, reads as follows:

### Count III
### (Violation of RICO Against All Defendants)

95. On behalf of himself and the Plaintiff Class, plaintiff repeats and realleges paragraphs 1 through 94 hereof as if fully set forth herein.

96. Royal Regency, the Developer, and the underwriting syndicate by which the Bonds were sold are enterprises within the definition of 18 U.S.C. § 1961(4), and each affects interstate commerce.

97. Each defendant was employed by and/or associated with each of the above enterprises and participated in the conduct of the affairs of such enterprise.

98. Each defendant has engaged in racketeering activity in at least the following manner:

a. fraud in the sale of securities (18 U.S.C. § 1961(1)(D) ).

b. mail fraud (18 U.S.C. § 1961(1)).

c. wire fraud (18 U.S.C. § 1961(1)).

Each defendant has engaged in a pattern of racketeering activity in that at least two acts of racketeering activity as described above have been performed by each defendant.

99. Plaintiff and the Plaintiff Class have suffered substantial financial loss as a direct and proximate result of defendants [sic] racketeering activities and defendants are liable therefor.

Defendants move to dismiss the RICO claim on several grounds. Defendants argue that the RICO claim should be dismissed because the plaintiff has failed to state a claim; failed to plead and prove that he suffered a cognizable injury under RICO; failed to sufficiently allege criminal violations by the defendants; failed to properly plead and prove every enterprise on which he bases his claims; failed to sufficiently plead and prove the association of each defendant with an alleged RICO enterprise; failed to plead and prove each defendant's role in conducting the affairs of the enterprise; failed to satisfy the requirement of a nexus between the enterprise and the racketeering—the "through" requirement of RICO; and failed to plead the underlying fraud with particularity as required by Rule 9(b), Fed.R.Civ.P. Plaintiff denies that the amended complaint is deficient in any of these respects. For the reasons that follow the court finds it unnecessary to discuss each of the above contentions.

■ The court finds that the plaintiff's RICO count in the Amended Complaint contains two glaring and fatal defects: a failure to allege a violation of section 1962 and a failure to allege an injury by reason of a

violation of section 1962. Plaintiff alleges that the defendants have participated in enterprises by which they were employed or to which they were affiliated; the plaintiff also alleges that the defendants engaged in a "pattern" of acts enumerated in section 1961(1); the plaintiff further alleges that the plaintiff suffered injury from the defendants' racketeering acts. Construing the plaintiff's allegations with reference to the RICO statutes, it is clear that the plaintiff accuses the defendants of committing acts enumerated in section 1961(1); of engaging in a pattern of racketeering activity as defined in section 1961(5); and of causing injury to the plaintiff by [defendants'] acts that fall within the definition of section 1961(1) and (5).

Plaintiff, however, does not even suggest in the Amended Complaint a violation of section 1962. Section 1962 contains the only operative provisions of the RICO statute; section 1961 only provides definitions that help supply the content of section 1962. Section 1962 makes criminal, and provides the basis of civil liability for, the acquisition, maintenance, conduct, or participation in the conduct of an enterprise (that affects interstate commerce) through, or as a consequence of, a pattern of racketeering activity. Section 1964, which provides the only cause of action for a private plaintiff, affords a remedy solely for violation of section 1962. Because the plaintiff has not alleged a violation of section 1962, and because he has not alleged injury by reason of a violation of section 1962, he has failed to state a cause of action under section 1964. Count III of the Amended Complaint must be dismissed. Rule 12(b)(6), Fed.R.Civ.P.

■ If this were a close case, the court might be inclined to dismiss the claim with leave to amend. A careful review of the pleadings, however, convinces the court that the plaintiff's RICO claim is so far from providing sufficient allegations of the elements of a RICO cause of action that the normal operation of a dismissal under Rule 12(b)(6), as an adjudication on the merits should apply here. Given an oppor-

tunity to plead with particularity the frauds alleged as examples of racketeering activity in the Amended Complaint, the plaintiff has done nothing more than allege facts that would amount to civil fraud. All of the types of racketeering activity enumerated in section 1961(1) involve *criminal* acts. Failure to make clear the criminal nature of the acts alleged to constitute racketeering activity and a pattern of racketeering activity renders a RICO remedy unavailable.

### III. Motion for a More Definite Statement

■ Third-party defendant National Union Fire Insurance Company of Pittsburgh, PA., moves the court to require third-party plaintiffs, Allen D. Jones and James E. Dorsey, to provide a more definite statement of the alleged claims contained in the third-party complaint. *See* Rule 12(e), Fed. R.Civ.P. Third-party plaintiffs oppose the motion.

Movant argues that the third-party complaint, as amended, is so vague and ambiguous as to the identity of the contract or contracts of insurance upon which the third-party complaint is based, that the third-party defendant cannot reasonably be required to frame a responsive pleading. Movant asserts that because it issued more than one policy of insurance to the corporate entities described in the third-party complaint, it cannot determine which of the plaintiff's claims in the main case may be covered under any policy issued by the movant. Third-party plaintiffs oppose the motion on the grounds that a motion under Rule 12(e) should not be used to obtain discovery and is not appropriate if the movant, in light of its own knowledge, can respond to the complaint.

The court, in its discretion under Rule 12(e), *United States v. Metro Development Corp.*, 61 F.R.D. 83, 85 (N.D.Ga.1973), will grant the motion for a more definite statement. Third-party plaintiffs will be directed to file a statement identifying the insurance policies which form the basis for the third-party complaint.

\* \* \*

Accordingly, the motion to dismiss the section 17(a) claim is GRANTED. The motion to dismiss the RICO claim is GRANTED. The motion for a more definite statement is GRANTED; third-party plaintiffs are directed to file a statement providing the information, as described above, within twenty (20) days of the date of entry of this order.